PATRICK J. KENNEDY, JUNIOR, & others *vs.* CITY OF HOLYOKE & others.

Hampden.    September 17, 1942. — October 27, 1942.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Retirement. Civil Service. Municipal Corporations*, Retirement. *Equity Pleading and Practice*, Costs, Ten taxable inhabitants' petition.

The retirement by a municipality of a former employee after he had been removed from his civil service position in accordance with G. L. (Ter. Ed.) c. 31, § 43, was not permissible under c. 32, § 57.

Removal of a civil service employee from his position under G. L. (Ter. Ed.) c. 31, § 43, is complete and effectual upon the proper board's making an order for his removal for cause and seasonably giving him reasons therefor in writing, unless thereafter he is reinstated in accordance with the statutes.

A civil service employee duly removed from his position in accordance with G. L. (Ter. Ed.) c. 31, § 43, was not reinstated where he seasonably thereafter made a request under the statute for a public hearing but, before any hearing was held and before the expiration of the time allowed for a hearing, he waived his request in the expectation of being granted a retirement allowance.

In a proceeding under G. L. (Ter. Ed.) c. 40, § 53, to enjoin a respondent municipality from making payments to another respondent, no abuse of discretion was shown by a provision in a final decree for the petitioners that their costs be paid by the municipality as well as by the other respondent.

PETITION IN EQUITY, filed in the Superior Court on September 10, 1939.

The case was heard by *T. J. Hammond*, J., and in this court was submitted on briefs.

*D. H. Barnett*, City Counsel, for the respondent city of Holyoke.

*T. C. Maher*, for the respondent Stone.

*W. Reid & J. B. Cowett*, for the petitioners.

QUA, J.   Ten taxable inhabitants of Holyoke bring this
petition under G. L. (Ter. Ed.) c. 40, § 53, to prevent the
payment by the city to the respondent Stone, a veteran of
the first World War who had been in the service of the city
for a period of over ten years as assistant clerk of its board
of public works, of a retirement allowance of one half of his
former compensation upon his purported retirement by the
mayor as the "retiring authority" on July 7, 1939, "effec-
tive July 10, 1939," under the provisions of G. L. (Ter.
Ed.) c. 32, § 57.   See also §§ 59, 60.   The petitioners con-
tend that Stone's "retirement" was invalid, and that the
city has no legal right to pay him a retirement allowance.
From a decree in favor of the petitioners the respondents
Stone and city of Holyoke appeal.

The alleged retirement was illegal and invalid for the
reason that Stone had already ceased to be an employee of
the city before he was "retired."   It is plain that G. L.
(Ter. Ed.) c. 32, § 57, in authorizing the retirement of a
veteran "from active service, at one half the regular rate
of compensation paid to him at the time of retirement,"
contemplates the retirement only of persons still in "active
service" and receiving pay at the time of retirement and
not that of persons who have previously been discharged
or for some other reason separated from the service.

On June 22, 1939, the board of public works entered on
its records its order for Stone's removal from his employ-
ment and "forthwith" gave him specifically the "reasons
. . . in writing" required to be given by G. L. (Ter. Ed.)
c. 31, § 43, in cases of persons holding positions like
that held by Stone in the classified civil service.   These
reasons were "inefficiency and gross misconduct" in the
"misappropriation of money of the City of Holyoke."   The
statement of the reasons given to Stone included a list in
great detail of the sums alleged to have been misappropri-
ated, amounting in all to $655.40.   The reasons for removal
constituted "just cause," and no contention is made that
they were not given in full compliance with § 43.   And the
case was tried in the court below and argued in this court
by all parties upon the theory that the board was the proper

removing authority. Stone's removal therefore became an accomplished fact upon the giving of the reasons to him and before his "retirement," unless subsequent events prevented it from taking effect as such.

We now examine those events. Within the time required by § 43 after the giving to him of the reasons for his removal Stone requested a public hearing in writing, but on July 7, 1939, before any hearing had been held, and before the expiration of the time allowed by § 43 within which a hearing must be granted, the mayor, as the retiring authority, notified the board that he had allowed Stone's petition for retirement, "effective July 10, 1939." On July 7 Stone waived his right to a hearing before the board, and no hearing appears to have been held. Nothing in these facts had the effect of vitiating Stone's removal on June 22 or of reinstating him in his employment. The present c. 31, § 43, differs from the statute in force when the cases of *Tucker* v. *Boston*, 223 Mass. 478, *Thomas* v. *Municipal Council of Lowell*, 227 Mass. 116, and *Ellis* v. *Civil Service Commission*, 229 Mass. 147, were decided. See St. 1904, c. 314; St. 1905, c. 243. Under the previous statutes the person sought to be removed had a right to be "notified of the proposed action," and such notice and a hearing, if requested, were conditions precedent to a valid removal. Under the present G. L. (Ter. Ed.) c. 31, § 43, reasons in writing are commonly given "after such removal" (compare *Nevins* v. *Board of Public Welfare of Everett*, 301 Mass. 502, 503), and, if he requests it, the person sought to be removed is to be given a hearing by "the officer or board whose action affected him as aforesaid," and upon default of such hearing he is to be "reinstated." Under the present law the removal is complete and effective if sufficient reasons are duly furnished, unless the person removed afterwards secures his reinstatement in the manner specified. In that event it may be that the reinstatement would relate back for some purposes to the date of the original removal, as in effect it does for the purpose of compensation by the express provisions of § 45 where the person removed is finally reinstated through petition to the District Court, but that question is

not before us. The change in the law was brought about by St. 1918, c. 247, and is explained in *Gordon* v. *Chief of Police of Cambridge*, 244 Mass. 491, 494. It is accentuated when comparison is made with the present c. 31, § 42A, where notice and a hearing are now made conditions precedent to the removal of a police officer (except in Boston) but not to his suspension. See *Daley* v. *District Court of Western Hampden*, 304 Mass. 86, 92. A similar change was made in the law as to the removal of an officer or employee of an institution under the control of the department of correction by St. 1934, c. 249, § 1, amending G. L. (Ter. Ed.) c. 31, § 46.

In the case before us Stone was never reinstated. He withdrew his request for a hearing before the time allowed for holding one had expired. We are unable to perceive that his reliance upon the expectation of a retirement allowance in making this withdrawal betters his position in any respect. Nor can recognition by the board of his status as retired, after notice of the mayor's action, have the effect either of reinstating him in his employment or of granting him a valid retirement allowance after he had ceased to be employed. And of course his having made restitution to the city through his attorney did not affect the power of the board to remove him.

It would be a strange state of the law in which an employee removed for peculations from the city and not reinstated or cleared of the charges against him could be given a retirement allowance for life at the expense of the city, and for the reasons shown above we find nothing to support such a result in the statutes as applied to the facts in this case.

It has become unnecessary to pass upon other reasons urged as showing that Stone's retirement was invalid.

The respondent city of Holyoke contends that there was error in the decree in ordering the city as well as the respondent Stone to pay the petitioners their costs, amounting to $226.85. It is argued that the city took in the case the part of a mere stakeholder and that since the object of the proceeding is to save money to the city, it ought not to be compelled to pay out money as costs. Costs in suits in

equity, to an amount not greater than would be taxed in actions at law, are "wholly in the discretion of the court." G. L. (Ter. Ed.) c. 261, § 13. We see no abuse of discretion in allowing costs against the city. Its position is only slightly analogous to that of a stakeholder. See *Chartrand v. Chartrand*, 295 Mass. 293, 297. The judge may have thought that if the city did not pay the costs the petitioners might never be reimbursed for any of the expenses incurred by them, and he may well have reasoned that, since the suit was brought for the city's benefit and had been successful in saving the city money, the city ought to indemnify the petitioners to the extent of the taxable costs. See *Leonard v. School Committee of Springfield*, 241 Mass. 325, 332.

> *Decree affirmed with costs of appeal*
> *against both appellants.*