Max J. Bauersfeld, Plaintiff, *v.* Lewis J. Valentine et al., Constituting the Board of Trustees of the Police Pension Fund, Defendants.

Supreme Court, Special Term, Kings County, May 11, 1943.

*William C. Chanler, Corporation Counsel,* for defendants.

*Harry Gittleson* for plaintiff.

Cuff, J.  Plaintiff and defendants moved for summary judgment.  The motions were denied.  (See order entered December 18, 1942.)  Defendants move to reopen, renew and rehear their motion.  At the time the original motion was heard paragraph eighth of the complaint had not been denied.  An amended answer has since been served in which there is the denial of that paragraph.  Defendants on this motion claim that their original motion was misunderstood by the court.  They devote most of this application to reargument.  Plaintiff was a member of the Police Department of the City of New York for twenty-two years, two months and seven days, when he was suspended on September 13, 1941.  Up to that date he was a member of the Police Retirement Fund and eligible to retire from the department on a pension.  There is no dispute that in order to avail himself of those pension rights it was necessary for plaintiff to apply to be retired before he was suspended.  Likewise there is no dispute that plaintiff did not actually submit his written retirement application.  In lieu of taking such a step, plaintiff asserts that

he tried to do so but was prevented by two officers of the Police Department of the City of New York. He pleads that such prevention excused him from actually filing the written form. The facts concerning that incident are: On September 13, 1942, at a time when he was eligible to apply for retirement, he was arrested, being charged with having committed forgery and grand larceny of which he was ultimately convicted and, as a consequence, dismissed from the Police Department. He was suspended on the day he was arrested. That suspension changed his status to one of being ineligible to retire and his status never changed thereafter. Plaintiff claims that on the day before he was arrested, to wit, September 12, 1942, he was detained and questioned concerning the aforementioned crimes at the District Attorney's office and at a police station for a period of twenty-eight hours. During that period he says he requested a captain of police, one of the interrogators, and the lieutenant at the desk in the station house where the questioning was carried on to supply him with a form of application for retirement and that both requests were refused. The defendants deny that any such requests were made. Assuming that they were, and that at the time plaintiff was eligible to submit such an application, plaintiff fails to show that there was any duty upon those officers of the Police Department to comply with his request. Nor does it appear how the defendants could be bound by the failure of those officers to do plaintiff's bidding. There is proof that retirement forms are not available at precincts; plaintiff challenges that statement. That alleged happening is the only factual or legal question raised by the pleadings. It presents no triable issue. If he was prevented, as he says (and this court fails to share that view), he was not excused from conforming to the law which required him to submit his retirement application while a member of the Police Department. The defendants are entitled to summary judgment. Order on notice.