104 So.2d 672 (1958)
E.C. EWING, Appellant,
v.
Ralph K. DUPEE, Mayor, et al., Appellees.
No. 95.
District Court of Appeal of Florida, Second District.
August 1, 1958.
Rehearing Denied September 2, 1958.
William S. Ewing, Lake Worth, for appellant.
Burns, Middleton, Rogers & Farrell, West Palm Beach, for appellees.
SHANNON, Judge.
This is an appeal by the defendant below from the final decree adjudicating his right to a pension in a declaratory suit filed by the appellees, constituting the Board of Trustees for the Retirement System for Employees of the City of Lake Worth, Florida, plaintiffs below.
The facts, about which there is no conflict, were that the appellant was acting as City Clerk and was discharged with cause as of April 3, 1953, and on January 20, 1955, he applied to the appellees herein for a pension, and the appellees filed their declaratory suit. The chancellor below, in his final decree, found as follows:
"1. The defendant was an employee of the City of Lake Worth for a period of twenty-five and one-half years and that his employment terminated April 30, 1953, at age 57.
"2. Such termination was for official misconduct in connection with such employment which resulted in defendant's conviction in the Criminal Court of Record of Palm Beach County, Florida, and in the entry of a judgment in favor of the City of Lake Worth against the defendant and others in the original amount of $206,947.13, which has not been paid in full, although said defendant has received a full pardon for such criminal conviction.
"3. The ordinance establishing the retirement system of the City of Lake *673 Worth was adopted January 31, 1949, and was confirmed and ratified by Chapter 25961, Laws of Florida, 1949.
"4. The plaintiffs herein are and constitute the Board of Trustees for said Retirement System.
"5. The defendant has applied in writing to such Board for retirement in conformity with Sections 15 and 16(c) of said ordinance, but, the Board, in view of doubt as to the proper construction of such ordinance, have neither approved or disapproved such application, and have asked this Court for a declaratory decree herein.
"The court makes the following Findings of Law:
"1. Under said ordinance, notwithstanding, the termination of the defendant's employment as aforesaid, the defendant remained a member of the retirement system and became entitled to pension benefits under the ordinance inasmuch as the ordinance neglects to make any exception for discharge of an employee for misconduct.
"2. So long, however, as the defendant remains indebted to the City of Lake Worth under the final judgment aforesaid, the defendant shall not be entitled to payments from the pension funds, but all such funds shall be credited to the defendant upon the said final judgment.
"Thereupon, it is
"Ordered, adjudged and decreed that the plaintiffs be and they are hereby enjoined from paying any sums to the defendant so long as the aforesaid judgment held by the City of Lake Worth against the defendant and others is outstanding; it is further
"Ordered, adjudged and decreed that retirement benefits accruing to the defendant under such system shall be paid by the plaintiffs to the City of Lake Worth to be applied as credits upon the final judgment held by the latter against the defendant and others so long as such final judgment shall be outstanding.
"The Court retains jurisdiction of this cause for the entry of such subsequent orders as shall be proper herein."
On appeal the appellant cites as error that portion of the Chancellor's decree wherein the money benefits found to be due to appellant should be paid to the City of Lake Worth. However, it will be unnecessary to rule on this point in view of the fact that this court has, ex mero motu, taken up and determined adversely to the appellant the conclusion reached by the Chancellor below in paragraph 1, Findings of Law.
This court recognizes and approves the general rule that an appellate court should confine the parties to the points raised and determined in the court below and briefed in this court on assignment of errors before the court, but there is a well recognized exception to the general rule that appellate courts may raise a question for the first time on appeal where the question is jurisdictional, in criminal appeals, and questions of important public interest. See 2 Fla.Jur., Appeals § 290, page 538; 3 Am.Jur., Appeal and Error, § 251, page 35; First National Bank of Alex v. Southland Production Company, 1841, 189 Okla. 9, 112 P.2d 1087; State Board of Control v. King Lumber Co., 73 Fla. 80, 74 So. 5; Board of Com'rs of Kingfisher County v. Vahlberg, 198 Okla. 527, 180 P.2d 144; United States v. Atkinson, 297 U.S. 157, 56 S.Ct. 391, 80 L.Ed. 555.
The ordinance establishing the retirement system in the City of Lake Worth has the following provisions:
"Section 15. Optional Retirement from Service.
"Any member who has attained his eligible retirement age, as defined in Section 2. (s) or is eligible to retire *674 under the requirements of section 16 (c) of this ordinance may retire from city service upon his written application to the board setting forth at what time, not less than thirty days nor more than ninety days subsequent to the execution and filing thereof, he desired to be retired.
* * * * * *
"Section 16(c) Graduate Service Retirement.
"* * * or who shall have so served for 28 years and shall have attained the age of 53 years; or who shall have so served for 27 years and shall have attained the age of 54 years; or who shall have so served for 26 years and shall have attained the age of 55 years; or who shall have so served for 25 years and shall have attained the age of 56 years; * * * may be retired by the board."
In view of the appellant's age and length of service he was entitled to his pension unless he was precluded from it. From the final decree of the chancellor, it is seen that the appellant was discharged from his position prior to his written application for such pension, which fact is admitted. So we have a petitioner for a pension who was implicated for defalcation of $206,947.13 from the city, was convicted, and now has a full pardon in such criminal conviction.
It goes without saying that this court, as any court should, read the briefs of the parties herein, as well as the transcript, and studied all the cases cited, and others discovered throwing light on the legal problems involved. It was only after a careful study of this case that we have decided that the appellant could not lawfully, nor in good conscience, apply for this pension when he had been previously discharged for his complicity in defalcations from the city.
In McQuillin's Municipal Corporations, Section 12.152, it is stated:
"In some jurisdictions, the right to a pension may be forfeited by misconduct, or by commission of a felony. Thus, an officer who was dismissed for misconduct in office prior to action by the pension board upon his application is precluded by the dismissal from receiving retirement of pension benefits, and an officer who was eligible for pension but subsequently was convicted for malfeasance in office lost his right to a pension. However, one who has served as a member of the police force for a number of years cannot be summarily removed from the pension roll for fraud committed by others without his knowledge in procuring his naturalization."
In Bauersfeld v. Valentine, 1943, 180 Misc. 705, 43 N.Y.S.2d 56, we have a case that is very similar to this one. In that case the policeman was eligible to retire when he was arrested and charged with forgery and grand larceny, on which counts he was ultimately convicted. On the day he was arrested he was also suspended by his superiors. The suspension was never lifted, and he was not an employee at the time he applied for a pension, and hence it was held he was ineligible to so apply. In the headnote of that case it is stated:
"In action by dismissed policeman for retirement benefits on ground that while still eligible for benefits his request for application form from captain of police and lieutenant at station house desk was refused, where there was a failure to show duty upon police captain and lieutenant to furnish application form, or to show that police fund trustees were bound by refusal of captain and lieutenant, so that no triable issue was presented, police fund trustees were entitled to summary judgment."
In the case of Grant v. City of Topeka, 1942, 154 Kan. 606, 121 P.2d 224, the same result is reached, although that case did not involve, as here, the taking from the *675 body politic sums of money from which, indirectly, his pension would be paid.
In the case of Kennedy v. City of Holyoke, 1942, 312 Mass. 248, 44 N.E.2d 786, 788, we have exactly the same situation as we have in this case. The Supreme Court in part said as follows:
"(5, 6) In the case before us Stone was never reinstated. He withdrew his request for a hearing before the time allowed for holding one had expired. We are unable to perceive that his reliance upon the expectation of a retirement allowance in making this withdrawal betters his position in any respect. Nor can recognition by the board of his status as retired, after notice of the mayor's action, have the effect either of reinstating him in his employment or of granting him a valid retirement allowance after he had ceased to be employed. And of course his having made restitution to the city through his attorney did not affect the power of the board to remove him.
"It would be a strange state of the law in which an employee removed for peculations from the city and not reinstated or cleared of the charges against him could be given a retirement allowance for life at the expense of the city, and for the reasons shown above we find nothing to support such a result in the statutes as applied to the facts in this case."
Appellant emphasizes the fact that nowhere in the ordinance creating the retirement system is there any language precluding one from participating in the benefits of the system because of discharge for cause. While this is true the ordinance in toto is instinct with the condition that you must retire to come within its provisions in the first instance, and the gist of the cases referred to above is that there is no status to retire from when you have been previously discharged for cause. The appellant having been discharged, convicted, and not reinstated, we hold that he was ineligible to apply for or receive a pension.
In view of the fact that we are holding that the appellant was not entitled to a pension, the chancellor's order, insofar as it relates to appellant remaining a member of the retirement system, is reversed.
Reversed.
KANNER, C.J., and ALLEN, J., concur.