MURIEL SULLIVAN vs. BOSTON RETIREMENT BOARD

Suffolk. October 9, 1970. — April 9, 1971.

Present: SPALDING, CUTTER, SPIEGEL, REARDON, & QUIRICO, JJ.

Retirement. Pension. Veteran.

"Service" in the provision of G. L. c. 32, § 58, as appearing in St. 1968, c. 700, § 1, permitting retirement by a veteran who has been "in the service of the Commonwealth, or any county, city, or district . . . for a total period of thirty years in the aggregate," includes only service for which compensation has been received, and a veteran did not accumulate the required years of service by tacking his unpaid service on the school committee of a city to his paid service as sheriff of a county of less than thirty years, even though the aggregate of such services exceeded thirty years.

BILL IN EQUITY filed in the Superior Court of November 20, 1969.

The suit was reported by Ford, J., without decision.

Charles E. Colson for the plaintiff.

William H. Kerr for the defendant.

SPIEGEL, J. This is a bill for declaratory relief under G. L. c. 231A in which the widow of the late sheriff of Suffolk County seeks to determine her pension rights under G. L. c. 32, § 58B. The case was heard in the Superior Court on a stipulation which we treat as a case stated. The trial judge reported the case without decision.

Subject to certain conditions not applicable here, a widow under G. L. c. 32, § 58B, as amended through St. 1958, c. 669, §§ 1, 2, is entitled to "an annual allowance consisting of two thirds of the actuarial equivalent to which . . . [her husband] would have been entitled" under G. L. c. 32, § 58, as appearing in St. 1968, c. 700, §§ 1, 2. It is apparent that the rights of a widow under § 58B depend on the rights of her deceased husband under § 58. Section 58 provides in pertinent part as follows: "A veteran who has been in

the service of the commonwealth, or of any county, city, town or district . . . for a total period of thirty years in the aggregate, shall, at his own request, with the approval of the retiring authority, be retired from active service at . . . [a percentage] of the highest annual rate of compensation . . . payable to him while he was holding the grade held by him at his retirement, and payable from the same source."

The plaintiff's husband was a veteran who served as a member of the Boston school committee from January 1, 1934, to January 5, 1942, and as sheriff of Suffolk County from November 16, 1939, to January 19, 1968, the date of his death. As a member of the school committee he did not receive any compensation. As sheriff, the deceased lacked slightly less than two years of the thirty years of service required by G. L. c. 32, § 58. If the period in which he served as a school committee member is tacked onto the period in which he served as sheriff, he would have had more than thirty-four years of service.

The sole issue we must decide is whether unpaid service as a school committee member should be included in computing the amount of service required by G. L. c. 32, § 58.

It is clear that a statute is to be so construed as to "be given an effect in harmony with common sense and sound reason." *Duggan* v. *Bay State St. Ry.* 230 Mass. 370, 374. Under G. L. c. 32, § 58, the late sheriff's retirement allowance could only have been a percentage of "the highest annual rate of compensation . . . payable to him while he was holding the grade held by him at his retirement, and payable from the same source." If the deceased had never become sheriff, but had continued as an unpaid school committeeman for thirty years, he would not be entitled to any retirement allowance because at the time of retirement he would not have received any compensation. It is apparent that the decedent's service as a school committeeman must qualify under G. L. c. 32, § 58, in order to tack it onto his service as sheriff. We are unable to conclude that in predicating the retirement allowance on the amount of com-

pensation received by a veteran in the public service, the Legislature intended unpaid service to be included as "service" within G. L. c. 32, § 58. Compare *Kennedy* v. *Holyoke*, 312 Mass. 248, 249, where this court said: "It is plain that G. L. (Ter. Ed.) c. 32, § 57, in authorizing the retirement of a veteran 'from active service, at . . . [a percentage of] the regular rate of compensation paid to him at the time of retirement,' contemplates the retirement only of persons still in 'active service' and receiving pay at the time of retirement and not that of persons who have previously been discharged or for some other reason separated from the service."

We also note that the instant case involves one of the noncontributory retirement systems ultimately to be abolished under St. 1934, c. 285. *Davis* v. *Retirement Bd. of the County of Middlesex*, 312 Mass. 115, 120. In *Kinney* v. *Contributory Retirement Appeal Bd.* 330 Mass. 302, 304, this court said: "It appears to be settled so far as this Commonwealth is concerned that pensions or retirement allowances established on a noncontributory basis, even though in a sense they are granted in recognition of services rendered or to be rendered, do not have their origin in contract but are so far analogous to gratuities that the Legislature can change their incidents or reduce their amounts, even after the recipient has retired and has begun to receive their benefits." See also cases cited at p. 304.

Although this court does not appear to have decided whether noncontributory retirement statutes should be strictly construed, it was stated long ago that "in all grants, made by the government to individuals, of rights, privileges, and franchises, the words are to be taken most strongly against the grantee." *Cleaveland* v. *Norton*, 6 Cush. 380, 383, 384. We think that G. L. c. 32, § 58, should be strictly construed to include only that service for which compensation has been received. See *Kennedy* v. *Holyoke*, 312 Mass. 248, 249, and *Weiner* v. *Boston*, 342 Mass. 67, 73, where a strict construction of the noncontributory retirement statutes was employed.

In none of the opinions of the Attorney General cited by the plaintiff, on which she seems to place substantial reliance, is there a discussion as to whether unpaid service is to be included in computing the amount of service required by the statute. A decree is to be entered that the late sheriff would not have been entitled to be retired under G. L. c. 32, § 58, and therefore the plaintiff is not entitled to receive an annual allowance under G. L. c. 32, § 58B.

*So ordered.*