REED, Judge.
This appeal is from a final judgment of the Court of Record for Broward County, Florida. The appellant, Southern American Fire Insurance Company, was a code-fendant below with appellee Elsie Moore. The plaintiff below was appellee All Ways Reliable Building Maintenance, Inc. The suit was for the value of work done by plaintiff on property of Elsie Moore.
The action was commenced in the Circuit Court for Broward County, Florida, on 30 November 1966. It was subsequently transferred to the Court of Record for Broward County, Florida. We do not have the order of transfer, but the first pleading filed in the Court of Record which appears in the record here is a document entitled “Amended Action For Damages.” In essence it is a complaint by the plaintiff All Ways Reliable Building Maintenance, Inc. (hereafter “All Ways Reliable”) filed on 30 January 1966 against co-defendants Southern American Fire Insurance Co. (hereafter “Southern American”) and Elsie Moore. It alleges that the plaintiff All Ways Reliable made an estimate on 20 June 1966 in the amount of $833.42 for repairs on the house of Elsie Moore. The estimate was allegedly approved by an agent of defendant Southern American. Defendant Elsie Moore was alleged to have contracted for the work on 16 Sep *13 tember 1966, and the work was allegedly performed by the plaintiff. The amended complaint also alleges that defendant Southern American induced the plaintiff to perform the work.
The relief sought under the amended complaint was a judgment for $833.42 plus attorney’s fees, jointly and severally, against defendants Moore and Southern American.
Defendant Moore filed an answer in which she denied having authorized the work to be performed at her expense. She also filed a cross-claim which alleges that prior to 20 July 1966 there was a fire loss on her premises covered by an insurance policy issued by defendant Southern American. She further alleged that she agreed to have the fire damage repaired by the plaintiff upon the approval of an agent acting for Southern American in the adjustment of the claim for the fire loss. She alleged that Southern American was liable for the work done. The relief demanded under the cross-claim is:
“ * * * judgment against the cross-defendants in any amount adjudged against her in favor of the plaintiff, plus attorney’s fees.” (Emphasis added.)
Defendant Southern American filed an-answer which denied liability as to both plaintiff’s and defendant Moore’s claim and defended on the further ground that Moore failed to file a proper proof of loss. The answer admitted that Moore was an insured, but does not admit that the loss was covered by the insurance policy.
The cause was tried before a jury which returned two verdicts. One verdict was in favor of Moore and against the defendant Southern American in the amount of $1,-020.00 on the cross-claim. The second verdict was against the defendant Southern American and in favor of the plaintiff All Ways Reliable for $833.42 “plus interest at 6%” (which figured from the date of indebtedness to the date of the verdict would apparently bring the total up to $1,020.00).
A final judgment was entered for the plaintiff against defendant Southern American in the amount of $1,020.00 and a judgment was also entered in favor of defendant Moore against defendant Southern American for an identical amount, $1,020.-00. The judgment was filed for record on 17 June 1970. There was no verdict or judgment rendered for the plaintiff All Ways Reliable against defendant Moore.
Following the entry of the judgment, an order on costs and attorney’s fees was entered on 8 July 1970. It awarded the attorneys for plaintiff and for defendant Moore attorney’s fees in the amounts of $2,320.00 and $1,880.00, respectively, and costs were taxed in the amount of $29.00 against Southern American and in favor of plaintiff. The order also denied Southern American’s motion for new trial and for directed verdict.
Under Southern American’s first point it contends that the trial court erred in awarding plaintiff All Ways Reliable an attorney’s fee because plaintiff was not an insured under F.S. Section 627.0127, F.S.A. 1969. The statute reads in part as follows:
“(1) Upon the rendition of a judgment * * * by any of the courts of this state against an insurer and in favor q>f an insured or the named beneficiary under a policy or contract executed by the insurer, the trial court * * * shall adjudge * * * against the insurer and in favor of the insured or beneficiary a reasonable sum as fees * * * for the insured’s or beneficiary’s attorney. * * * ”
In our opinion, the award of an attorney’s fee to plaintiff under this statute was error for two reasons. First, All Ways Reliable was neither an insured nor a named beneficiary under the policy.[1] Secondly, the *14 suit by All Ways Reliable was not on the insurance policy, but was on an implied contract between plaintiff All Ways Reliable and the defendant Southern American for work done on Moore’s house.
Also under Point I Southern American contends that the trial court erred in awarding Moore an attorney’s fee. We hold that the award of an attorney’s fee to Moore was likewise error for reasons hereafter mentioned.
Under Point II the appellant argues that the trial court erred in entering judgment for the cost of the work against the defendant Southern American and in favor of defendant Moore. The appellant also contends that the trial court erred in entering judgment against it and in favor of plaintiff for the cost of the work.
We hold that the trial court erred in entering judgment against the appellant and in favor of Moore even though the jury returned a verdict in her favor and against appellant Southern American. The cross-claim of defendant Moore against appellant sought only indemnification from Southern American for any liability which might be imposed on Moore in favor, of the plaintiff. Because no liability was imposed on Moore in favor of plaintiff, Moore’s claim for indemnification from Southern American must necessarily fail. See Gralynn Laundry, Inc. v. Virginia Bond & Mortgage Corp., 1935, 121 Fla. 312, 163 So. 706, 709, wherein the Florida Supreme Court held:
“ * * * The pleader must maintain the same attitude throughout the cause, and the court is without authority to award a different remedy than the one prayed for.”
The trial court by awarding judgment against Southern American and in favor of Moore clearly awarded relief that was not sought and imposed double liability on Southern American for the same debt. Because we hold that Moore is not entitled to a judgment against Southern American, the award of attorney’s fees in her favor against Southern American is unauthorized by F.S. Section 627.0127(1), F.S.A.1969, supra, which requires as a condition precedent to such, an award “ * * * the rendition of a judgment * * * by any courts of this state against an insurer and in favor of an insured. * * * ”
Moore seeks to sustain the judgment in her favor and against appellant on the ground that it was justified as an award of damages for failure of the appellant to pay her insurance claim. We cannot accept this argument because: (1) she did not plead such a claim; (2) she did not prove any such damages; and (3) she did not request such relief by her cross-claim.
As to the judgment in favor of plaintiff, All Ways Reliable, in the amount of $1,-020.00, we believe that it should be affirmed. The evidence in support of the verdict is not overwhelming, but when viewed in its light most favorable to the plaintiff, it is probably sufficient to sustain plaintiff’s claim on a theory of implied contract.
Appellant’s Points III and IV are rendered moot by this decision and do not require discussion.
The order of the trial court dated 8 July 1970, to the extent that it awards Elsie Moore $1,880.00 and All Ways Reliable $2,320.00 for attorney’s fees against Southern American is reversed and the trial court is directed on remand to vacate said awards. To the extent the order of 8 July 1970 awards costs in the amount of $29.00 against appellant Southern American and in favor of the plaintiff, it is affirmed. *15 The judgment of the trial court in favor of Elsie Moore and against appellant Southern American is reversed. The judgment in favor of plaintiff, All Ways Reliable, and against Southern American for the amount of $1,020.00 is affirmed.
Affirmed in part; reversed in part, and remanded with instructions.
CROSS, C. J., and McDONALD, PARKER LEE, Associate Judges, concur.

. This ease is, therefore, distinguishable from declaratory judgment proceedings wherein attorney’s fees are allowed where (1) the party is an insured or beneficiary *14 under the policy and (2) said party has either successfully maintained or defended a declaratory action concerning the policy. Peninsular Life Ins. Co. v. Howard, Fla. 1954, 72 So.2d 389; James Furniture Mfg. Co., Inc. v. Maryland Casualty Co., Fla.App.1959, 114 So.2d 722.