346 So.2d 589 (1977)
Celita Lamar MORRIS, Carlos P. Lamar, III, Claude P. Lamar and Carmen P. Lamar, Appellants,
v.
CONNECTICUT GENERAL LIFE INSURANCE COMPANY, Appellee.
No. 76-934.
District Court of Appeal of Florida, Third District.
May 17, 1977.
Rehearing Denied June 15, 1977.
*590 Shaw & Segall, Miami, for appellants.
Steel, Hector & Davis and Joseph P. Klock, Jr., Miami, for appellee.
Before NATHAN and HUBBART, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
NATHAN, Judge.
This is an appeal by the plaintiffs, Celita Lamar Morris, Carlos P. Lamar, III, Claude P. Lamar and Carmen P. Lamar, from an adverse summary final judgment based on an order denying their (plaintiffs') motion for costs and attorneys fees, stemming from an action to recover the proceeds of an insurance policy on the life of Dr. Carlos P. Lamar.
The record reflects that Dr. Lamar was insured under a group life insurance policy issued by the defendant, Connecticut General Life Insurance Company, to the Southern Medical Association. In November of 1970, Dr. Lamar executed beneficiary designations naming the plaintiffs contingent beneficiaries, and at the same time, executed an absolute assignment of the policy to his wife, Celia P. Lamar, who died in 1972. Dr. Lamar died in 1975. After his death, there arose a dispute between the plaintiffs and Connecticut General with respect to the proper beneficiaries under the policy. The plaintiffs maintained that the beneficiary designations took effect before the absolute assignment, thus entitling them to the proceeds of the policy, while Connecticut General originally took the position that the change of beneficiary was ineffective since the assignment took effect first, making the wife's estate the proper beneficiary.
In September of 1975, Connecticut General offered by letter to pay the policy proceeds to the plaintiffs as contingent beneficiaries, upon the execution by them of a release which by its terms provided that in consideration for payment, the plaintiffs will "release and hold the Company harmless for issuing payment." Again in October, the plaintiffs were advised by letter that based upon Dr. Lamar's incongruous action in designating beneficiaries and assigning the policy, Connecticut General would pay the proceeds to them upon their execution of the release.
The plaintiffs took the position that the release contained "unwarranted and unsatisfactory recitations and conditions," and refused to sign it. Suit was filed two months later, after which Connecticut General agreed to pay the policy proceeds to the plaintiffs without requiring the execution of the release.
The parties stipulated in writing that the trial court would determine the propriety of an award of attorneys fees and the amount of the award, if any. The parties also stipulated to the material facts involved in the dispute. The plaintiffs filed a motion for costs and attorneys fees. The trial judge examined the applicable law and concluded that Section 627.428, Florida Statutes (1975), has been consistently interpreted as allowing recovery of attorneys fees against an insurer only when the insurer has wrongfully withheld payment of the policy proceeds. In its order denying the motion *591 for costs and attorneys fees, the court stated that the central and only question was whether the plaintiffs "were compelled to file suit to recover under the policy." The court found that not only did defendant not wrongfully withhold the proceeds, but to the contrary, stood ready, willing and able to pay the plaintiffs as early as three months prior to the filing of this action. The court further found that the request by Connecticut General that the plaintiffs sign the release was a reasonable one; also that the language of the release did not constitute an illegal condition upon the payment of the proceeds, and that the plaintiffs' position that it contained "unwarranted and unsatisfactory recitations and conditions," was not well taken. The court concluded that the filing of the action was unnecessary as there was no refusal to pay the proceeds, and stated, "In short, a plaintiff who through his own fault causes an action to be filed without need will not be permitted to finance his litigation at the expense of an insurance company."
After entry of the order denying the plaintiffs' motion for costs and attorneys fees, the trial judge entered summary final judgment in favor of the defendant, Connecticut General, and the plaintiffs took this appeal.
Initially, it should be noted that Section 627.428, supra, provides for attorneys fees for the beneficiary's attorney only upon the rendition of a judgment or decree against the insurer and in favor of the beneficiary. The record in this case demonstrates that there was no such judgment entered against Connecticut General and in favor of the plaintiffs for the amount of the proceeds. Connecticut General did not raise this defense on appeal. Therefore, by the record and the argument of counsel in this court, this defense was waived.
The plaintiffs rely on Kurz v. New York Life Insurance Company, 181 So.2d 537 (Fla. 1st DCA 1966), which holds that generally, wrongful refusal by an insurance company to pay a beneficiary the proceeds of an insurance policy subjects the company to the payment of the beneficiary's attorneys fees where such fees were necessarily incurred in collecting the proceeds. Kurz is distinguishable on its facts, however, in that the insurer, New York Life Insurance Company knew and did not question that the plaintiff was the only proper beneficiary under the policy, but refused to pay the proceeds to her except on the condition that she execute a release of her claim to another New York Life Insurance policy which was separate and distinct from the policy under consideration. In the instant case, there was a legitimate question as to whether the plaintiffs were, in fact, the beneficiaries. Under these circumstances, the release was requested for the purpose of holding Connecticut General harmless in the event of a subsequent claim against or on behalf of the estate of Dr. Lamar's wife, the assignee of the policy.
Therefore, we agree with the trial court's findings in the order denying the motion for costs and attorneys fees, on which the summary final judgment is based, and we affirm. Compare Manufacturers Life Insurance Company v. Cave, 295 So.2d 103 (Fla. 1974).
Affirmed.