347 So.2d 767 (1977)
AMERICAN HOME ASSURANCE COMPANY, Appellant,
v.
KELLER INDUSTRIES, INC., Appellee.
No. 76-84.
District Court of Appeal of Florida, Third District.
June 21, 1977.
Rehearing Denied July 29, 1977.
*768 Corlett, Merritt, Killian & Sikes, Greene & Cooper and Robyn Greene, Miami, for appellant.
Pyszka, Kessler, Adams & Solomon, Richard M. Gale, Miami, for appellee.
Before HENDRY, C.J., PEARSON, J., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
This appeal is by the defendant American Home Assurance Company, from an order awarding $78,500.00 as a reasonable fee for the services of plaintiff's attorneys in the action, and entering judgment thereon against the defendant insurance company. The appellant contends the fee allowed was excessive. We do not rule on that contention because we hold the trial court was without jurisdiction to award plaintiff's attorneys' fees and order the payment thereof in this action in which no judgment on the merits was entered against the defendant insurer and in favor of the insured.[1]
What occurred in this instance, as shown in more detail below, was that some time after the action was filed, and while the case was pending on the defendant insurer's motion to dismiss the complaint as amended and with no answer having been filed, the defendant insurer informed plaintiff's attorney it was liable for the plaintiff's claims, and about a month later the attorney for the plaintiff and attorneys for the insurer agreed upon and consummated an out-of-court settlement in the amount of $145,694.12, on the basis of which payment was accepted for the plaintiff by the plaintiff's attorney who informed defendant's attorneys by letter that thereby the defendant insurer was released from the claims. No recovery judgment was entered in the cause. Thereafter the application for plaintiff's attorney's fee was made, and was granted by the order appealed from.
The complaint, filed December 10, 1974, alleged issuance of the policy, described as an umbrella liability policy extending excess insurance "becoming effective upon exhaustion of underlying primary comprehensive, general liability insurance"; that during the year September, 1970, to September, 1971, "a number of losses occurred" for which the underlying primary limit was exhausted; that the defendant had refused to "undertake the defense and/or indemnification of the plaintiff for said losses". The *769 complaint did not list the claims, or losses which formed the basis therefor, and the sum or the amounts claimed were not shown. In addition to the defendant insurer, the latter's local agent was joined as a defendant, and certain relief was sought against that party in a second count. We omit further reference thereto because later the plaintiff voluntarily dismissed that defendant. Against the insurer, the complaint prayed (1) for judgment to be rendered in favor of the plaintiff for the costs and payments it had made incident to disposition of the claims against it which created the losses; (2) judgment to require the insurer to assume responsibility for all claims made against the insured up to the policy limits; and (3) for reasonable plaintiff's attorney's fee. Plaintiff filed a demand for a jury trial.
Motions of the defendants to dismiss were granted, with leave to amend. A copy of the policy sued upon had not been attached to the complaint. An amended complaint was filed to which a copy of the policy was attached. As to the insurer, the allegations of the amended complaint were the same as the allegations in the first complaint except for addition of an allegation that the primary liability insurer had fulfilled its obligations.
The defendant insurer moved to dismiss the amended complaint. That motion was not ruled upon. No answer was filed by the defendant insurer. As stated above, the other defendant was voluntarily dismissed, after the amended complaint was filed.
On September 12, 1975, nine months after the action was filed, an affidavit of the plaintiff's attorney was filed. Therein he stated that the action had been commenced because of denial of coverage by the insurer; that on April 11, 1975, Mr. Cameron of the home office of the insurer had called plaintiff's attorney "to discuss the disposition of the litigation", and in that conversation Mr. Cameron "stated that upon reviewing the file he acknowledged that his company was in error in denying the coverage; that he now in behalf of the company admitted liability and responsibility in the case", and that he instructed affiant to "compile the information with respect to the disbursements and exposures" and to deliver such computation together with the claim files to the insurer's local counsel; that such information and the files were furnished to defendant's local counsel, and certain correspondence with said counsel ensued; and that although there had been numerous requests, payment had not been made. The affidavit did not list the several losses or the claims which they prompted, or contain any evidence to establish the amounts due thereon respectively.
On the day that affidavit was filed, plaintiff filed a motion, stating it was based on said affidavit, for entry of a judgment against the defendant insurer for a $153,194.12, plus interest and costs, and for judgment requiring payment of "all other outstanding obligations incurred or to be incurred", and for plaintiff's attorney's fee.
That motion for judgment was not pressed, and no such judgment was entered. Instead, as recited above, the out-of-court settlement was made and consummated a month later, which was in compensation for the amounts due to the plaintiff under the policy for excess coverage on plaintiff's losses, and for the expenses plaintiff had incurred in handling the claims which resulted in such losses as a result of the defendant's denial of coverage.
Thereafter, on October 31, 1975, a second affidavit of the attorney for the plaintiff was filed, which related the attorney's participation in the proceedings such as above described, and referred to his services in having attempted to obtain payment of the claims during a period of six months prior to the time the action was filed, for all of which it was stated in the affidavit that the plaintiff's attorney "and/or his firm had expended approximately 250 hours". Affidavits of other attorneys as to a reasonable fee for plaintiff's attorney were filed. The affidavit presented on behalf of the plaintiff suggested $100,000.00. The one presented on behalf of the defendant suggested $10,000.00. Thereupon, with no *770 judgment having been entered in the case, the court entered the fee allowance order from which this appeal was taken.
At the time the appeal was argued, this court requested that briefs be filed by the attorneys for the parties on the question of the jurisdiction or authority of the trial court to make such an award of an attorney's fee in the absence of the entry in the case of a judgment on the merits against the insurer and in favor of the insured, in view of the wording of the applicable enabling statute (herein quoted in footnote # 1).
The supplemental brief filed on behalf of the appellant on this question cited cases holding such fee allowances were to be made only when and as provided for by the statute. American National Insurance Co. v. de Cardenas, 181 So.2d 359 (Fla. 3d DCA 1965); Segelstrom v. Blue Shield of Florida, Inc., 233 So.2d 645 (Fla. 2d DCA 1970); Daleo v. Bert & Bette Bayfront 66 Marine, 273 So.2d 113 (Fla. 3d DCA 1973); Midwest Mutual Insurance Company v. Santiesteban, 287 So.2d 665 (Fla. 1974); Dawston v. Blue Cross Associates, 293 So.2d 90 (Fla. 1st DCA 1974). See also, Southern American Fire Ins. Co. v. All Ways Reliable Maintenance, Inc., 251 So.2d 11 (Fla. 4th DCA 1971); Morris v. Conn. General Life Ins. Co., 346 So.2d 589 (Fla. 3d DCA 1977); Continental Casualty Co. v. Giller Concrete Co., 116 F.2d 431, 433 (5th Cir.1941); American Fidelity & Casualty Co. v. Greyhound Corp., 258 F.2d 709, 717 (5th Cir.1958). With the exception noted below, the courts have held that such a fee allowance and order for its payment by an insurer is not to be made in the absence of entry of a judgment in the action against the insurer and in favor of the insured, or when the action was filed prematurely or where there was no necessity for the filing of the action.
In an action on an insurance policy, the jurisdiction of the trial court to require the insurer to pay a reasonable attorney's fee of the opposing insured or beneficiary, exists only as created and provided for by the statute. Such a fee award made pursuant to the statute is recognized as a penalty provision, in the use and exercise of which the statute is to be strictly construed. In American National Insurance Co. v. de Cardenas, supra, 181 So.2d at 361 the court said:
"* * * The authority to assess an attorney's fee exists solely by virtue of section 627.0127, Florida Statutes, F.S.A., and since the section is in the nature of a penalty, it should be strictly construed. Main v. Benjamin Foster Co., 141 Fla. 91, 192 So. 602, 126 A.L.R. 1434 (1939); American Fidelity & Casualty Co. v. Greyhound Corp., 258 F.2d 709 (5th Cir.1958). Therefore, the chancellor had no authority to award an attorney's fee when it affirmatively appeared that the conditions upon which the authority depended did not exist."
Also, in American Bankers Insurance Co. of Fla. v. Benson, 254 So.2d 851, 853 (Fla. 3d DCA 1971) this court said:
"This statute must be strictly construed, and in this case no judgment was rendered against the insurer, American Bankers, which permits the recovery of attorneys' fees."
On examining the statute, it appears to be clear that in an action between an insurer and insured or beneficiary under a policy of insurance, the jurisdiction of the court to award attorney's fees to the latter, to be paid by the former, is dependent and consequent upon the existence of the conditions imposed by the statute.[2] The condition which is paramount in the statute is the entry of a judgment on the merits against the insurer and in favor of the insured or beneficiary. In addition to the express language that such a fee award is to be made, "Upon the rendition of a judgment", etc., there is the provision that it is to be made as a fee or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had. *771 Further, in this connection, consideration must be given to the fact that the statute was amended some years ago to make it applicable also to judgments of appellate courts, by which it is provided that in the event of an appeal in which the insured or beneficiary prevails the appellate court shall make such a fee award. Finally, in its last paragraph the statute directs that where a fee is so awarded it "shall be included in the judgment or decree rendered in the case". Those signposts of legislative intent all point the same way, and the cumulative effect of their directive force compels the conclusion that recovery and entry of judgment in the action are conditions precedent to the making of such a fee award.
The supplemental brief of the appellee cited the sole decision which upheld such a fee allowance made in a case in which no judgment was entered.[3] That is the case of Cincinnati Insurance Company v. Palmer, 297 So.2d 96 (Fla. 4th DCA 1974). In that case, brought by an insured against an insurer to recover for a fire loss under a fire insurance policy, three months after the action was filed the defendant insurer voluntarily paid the loss claim. The payment did not include any amount for plaintiff's attorney's fee. On application of the plaintiff, the court entered an order making such a fee award, to be paid by the insurer. On appeal by the latter the order was approved, but because it appeared to include allowance for services of plaintiff's attorney after the time of the payment (in seeking the fee), the fee order or judgment was reversed and the cause was remanded with direction to enter an order for payment by the insurer of a reasonable fee for the services performed by the insured's attorney in the action prior to the date upon which the defendant paid the claim.
In Palmer, the award of plaintiff's attorney's fee, made in the absence of entry of a judgment of the kind specified in the statute, was upheld by the appellate court on the theory that it would not be reasonable or just that the insurer could avoid its liability for payment of the plaintiff's attorney's fee by the simple expedient of paying the amount due under the policy prior to the entry of any judgment. The court further expressed the view that by virtue of the statute liability to pay such a fee became a part of the insurance contract, which could be sued for separately in the action in the absence of judgment on the merits, when the insurance claim was voluntarily paid by the insurer.
In the instant case there is no need to stretch the statute to that extent. This was not a case where the defendant insurer interrupted the plaintiff's progress toward a judgment by the device of voluntarily paying the insurance claim. Instead of prosecuting its action to recovery, the plaintiff permitted its case to lie dormant for months after which, through affirmative action of its attorney, it negotiated for and obtained the payment of its claims by an out-of-court settlement. By making such payment out-of-court at the solicitation of the plaintiff and pursuant to such a settlement, the defendant insurer cannot be said to have done so as a device to avoid payment of the plaintiff's attorney's fee. Here, in order to place itself in position to obtain such a fee from the court as provided for by the statute, where the insurer would not add such a fee to the amount it was willing to agree to pay in settlement, the plaintiff using the defendant's admission *772 of liability, together with submission of proof of the amounts due, could have obtained a summary judgment on the merits, even though no answer had been filed.[4]
The filing of an action on a policy, or the pendency of such an action, does not furnish basis for a fee award. What does is the entry of judgment against the insurer and in favor of the insured or beneficiary, in an action on the policy. We hold that in the circumstances of this case, the court was without jurisdiction, under the statute or otherwise, to enter the fee order appealed from. The error incurred thereby was fundamental in that it went to the heart of the right of recovery. Sanford v. Rubin, 237 So.2d 134, 137 (Fla. 1970). The rule that questions not presented to and ruled upon by the trial court are not reviewable on appeal is subject to the exception that an appellate court may consider and rule upon a constitutional or fundamental error when first raised, or revealed on the record on appeal. Love v. Hannah, 72 So.2d 39, 43 (Fla. 1934); Ewing v. Dupee, 104 So.2d 672 (Fla. 2d DCA 1958); Florio v. State ex rel. Epperson, 119 So.2d 305, 309 (Fla. 2d DCA 1960); In re: Kionka's Estate, 121 So.2d 644, 647 (Fla. 1960). Moreover, authority is granted to the appellate court to take note of jurisdictional or fundamental error apparent on the record by Fla.App.Rule 3.7(i), in which it is provided: * * * "the Court in the interest of justice, may notice jurisdictional or fundamental error apparent in the record-on-appeal, whether or not it has been argued in the briefs or made the subject of an assignment of error, or of an objection or exception in the court below".
When a trial court, in the progress of a case, proceeds on a matter for which, under the circumstances of the case, the court is without jurisdiction or which is in excess of its jurisdiction, the failure of a party to object thereto does not operate to confer or create jurisdiction where it does not exist.
For the reasons stated, the fee order or judgment appealed from is reversed.
HENDRY, Chief Judge (dissenting).
I respectfully dissent from the opinion of the majority. The complaint filed by appellee sought both proceeds due under the policy of insurance and reasonable attorney's fees. While the proceeds were paid by appellant after the complaint was filed, the parties proceeded to final hearing on the question of reasonable attorney's fees. After reviewing the entire file and listening to expert testimony, the trial judge entered a final judgment, awarding appellee $78,500.00 as reasonable attorney's fees. Said final judgment was the order which was appealed.
In Cincinnati Insurance Company v. Palmer, 297 So.2d 96 (Fla. 4th DCA 1974), the court was faced with a similar factual situation as found sub judice. In that case, suit was filed seeking the proceeds of an insurance policy. Payment of the proceeds was made by the insurer after suit was filed. The lawsuit proceeded to final hearing on the issue of reasonable attorney's fees whereby final judgment was entered, awarding the insured his fees. On appeal, the insurer contended, inter alia, that pursuant to Section 627.428, Florida Statutes (1975), the award of attorney's fees was inappropriate as no final judgment or decree had been entered on the proceeds question. Rejecting that contention, the court stated that:
"... it is neither reasonable nor just that an insurer can avoid liability for statutory attorney's fees by the simple expedient of paying the insurance proceeds to the insured or the beneficiary at some point after suit is filed but before final judgment is entered, thereby making unnecessary the entry of a judgment ... We think the statute must be construed to authorize the award of an attorney's fee to an insured or beneficiary *773 under a policy or contract of insurance who brings suit against the insurer after the loss is payable even though technically no judgment for the loss claimed is thereafter entered favorable to the insured or beneficiary due to the insurer voluntarily paying the loss before such judgment can be rendered. After all such voluntary payment by the insurer is the equivalent of a confession of judgment against it." supra at 99.
The above case is both consistent with law and public policy. As has often been stated, the purpose of Section 627.428, Florida Statutes (1975), is to discourage the contesting of insurance coverage by insurers and to reimburse successful policy holders when they are compelled to sue to enforce their policies. Salter v. National Indemnity Co., 160 So.2d 147 (Fla. 1st DCA 1964).
In addition, the "judgment or decree" requirement of the aforementioned statute was satisfied sub judice, as it was in the Cincinnati Insurance Company case, supra. Section 627.428 is, in effect, part of every insurance policy issued in this state. Old Republic Insurance Company v. Monsees, 188 So.2d 893 (Fla. 4th DCA 1966). As stated in Orlando Candy Co. v. New Hampshire Fire Ins. Co. of Manchester, 51 F.2d 392 (S.D.Fla. 1931):
"The statute in effect becomes a part of the contract, because the parties contract subject to the terms of the statute. The liability imposed by the statute upon the insurer is in effect an incident of the insurer's wrongful refusal to pay, not a mere procedural incident to the entry of the judgment." supra at 393.
See also Pendas v. Equitable Life Assur. Soc. of United States, 129 Fla. 253, 176 So. 104, 112 A.L.R. 1051 (1937).
Upon suit being filed, the relief sought was therefore both policy proceeds and attorney's fees, and so long as the insurer failed to voluntarily pay any part of the relief sought, it continued to contest the policy. Cincinnati Insurance Company, supra. Thus, even though the policy proceeds were subsequently tendered to appellee, the full claim had not been satisfied as attorney's fees remained to be paid. Once the final judgment rendering reasonable attorney's fees was entered, then the claim under the policy was satisfied, as was the aforementioned "judgment or decree" requirement of Section 627.428.
Accordingly, for the foregoing reasons, I am of the opinion that an award of attorney's fees was proper sub judice, as a final judgment on the claim was rendered in favor of appellee-insured, and I would hear the appeal on the merits.
Assuming arguendo, that the majority's position is correct, then there would seem to be no reason why this court could not remand the case to the trial court for the entrance of a final judgment on the merits of the complaint. The entrance of a final judgment would then satisfy the majority's interpretation of Section 627.428 and enable appellee to receive reasonable attorney's fees.
NOTES
[1] § 627.428 Fla. Stat. (1975) provides as follows:

"(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of an insured or the named beneficiary under a policy or contract executed by the insurer, the trial court, or in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.
"(2) As to suits based on claims arising under life insurance policies or annuity contracts, no such attorney fee shall be allowed if such suit was commenced prior to expiration of sixty days after proof of the claim was duly filed with the insurer.
"(3) Where so awarded, compensation or fees of the attorney shall be included in the judgment or decree rendered in the case."
[2] The statute, § 627.428 Fla. Stat. (1975), was repealed, effective July 1, 1982, by Ch. 76-168, § 3(3)(ff) Laws of Florida 1976.
[3] Morris v. Connecticut General Life Insurance Company, 346 So.2d 589 (Fla. 3d DCA 1977) recently decided by this court is not inconsistent with our decision in the instant case. In Morris there was a dispute created by uncertainty as to the beneficiary or beneficiaries entitled to the proceeds of a life insurance policy. After an action was filed on the policy the insurer consented to pay the plaintiffs, and the parties entered into a written stipulation for the trial court to determine the propriety of an award of plaintiff's attorney's fee and the amount thereof (with no judgment on the merits entered in the case). On consideration of the fee application the trial court held the insurer had not wrongfully withheld the proceeds and had stood ready and willing to pay prior to the action, for which reasons the court held there had been an absence of necessity to file the action, and denied the fee application. This court affirmed the denial of the fee on that ground. Thereby necessity to test it on the ground of absence of judgment was precluded.
[4] Fla.R.Civ.P. 1.510(a); Olin's, Inc. v. Avis Rental Car System of Florida, 102 So.2d 159, 163 (Fla. 3d DCA 1958), quashed on other grounds (Fla., 104 So.2d 508); Wallens v. Lichtenstein, 159 So.2d 912 (Fla. 3d DCA 1964); Coast Cities Coaches, Inc. v. Dade County, 178 So.2d 703 (Fla. 1965).