**Alexander C. HABEEB, plaintiff**
**vs.**
**RETIREMENT BOARD OF THE CITY**
**OF QUINCY, defendant**

**No. 134525**

Superior Court
Commonwealth of Massachusetts

**December 1, 1981**

Robert J. Muldoon, Jr., counsel for plaintiff.

Lawrence W. Cowley, counsel for defendant.

## MEMORANDUM OF DECISION AND ORDER ON PLAINTIFF'S MOTION AND DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT

### Background

The plaintiff, Alexander C. Habeeb, a resident of Braintree, Norfolk County, seeks a declaration that he is eligible for non-contributory veteran's retirement benefits under G.L.c. 32, §§ 56-60.

Both parties who have moved for summary judgment, pursuant to Mass. R. Civ. P. 56, agree that the plaintiff is eligible for such benefits if, but only if, his service as a private in the Massachusetts National Guard from April 30, 1937 to November 12, 1937 constitutes "employment" within the meaning of G.L.c. 32, § 60.

### Discussion

G.L.c. 32, § 58 makes eligible for non-contributory veteran's benefits a "(a) veteran who has been in the service of the Commonwealth, or of any county, city, town or district....for a total period of thirty years in the aggregate..."

Eligibility for such benefits is limited by G.L.c. 32, § 60 to veterans "whose employment first began on or before (June 30, 1939)," and is subject to other exceptions not relevant here.

Plaintiff argues that his service in 1937 as a private in the Massachusetts National Guard constitutes "employment" within the meaning of G.L.c. 32 § 60. In support thereof, the plaintiff cites, **inter alia**, St. 1963, c. 606 which provides in substance that "Notwithstanding the provisions of any general or special law to the contrary," persons employed as caretakers or air technicians by the Massachusetts National Guard prior to July 1, 1939, are to be considered to have been employed by the Commonwealth prior to said date

within the meaning of G.L.c. 32, § 60. While conceding that the employees referred to in St. 1963, c. 606 are "civilian employees," the plaintiff suggests that this Act supports the inference that all **military** members of the Massachusetts National Guard are also state employees. (See, Plaintiff's Memorandum in Support of Motion for Summary Judgment, page 4). The defendant argues, on the contrary, that St. 1963, c. 606 supports the negative inference that persons employed by the Massachusetts National Guard that do not fall within the job categories specified in said Act are **not** "employees" within the meaning of G.L.c. 32, § 60. The court is of the opinion that the defendant's construction of St. 1963, c. 606 is the correct one. See, **Sullivan v. Boston Retirement Board,** 359 Mass. 228, 230, where it was held that the statutes providing for non-contributory pension benefits are to be strictly construed against the beneficiary as the recipient of a grant.

The decision in **LaCouture v. Retirement Board of Quincy,** 1981 Mass. App. Ct. Adv. Sh. 853, 857, wherein present counsel appeared as counsel of record, is not to the contrary. **LaCouture,** like the present case, concerned a G.L.c. 32, § 60 claim based on service prior to June 30, 1939 in a federally funded program administered by the Commonwealth. Unlike the plaintiff Habeeb, however, LaCouture was a civilian employee not subject to the limitation implied in St. 1963, c. 606. G.L.c. 33, § 2 (the militia of the Commonwealth shall consist of all able-bodied male citizens...between the ages of 17 and 45) and G.L.c. 33, § 4 (the active or organized militia shall be composed of "volunteers"). In ruling that the plaintiff is not elegible for non-contributory veteran's retirement benefits, the court enters the following order:

It is hereby ORDERED that:

(1) Plaintiff's motion for summary judgment is DENIED: and

(2) Defendant's motion for summary judgment is GRANTED.

By the Court
**Herbert Abrams**
**Justice of the Superior Court**