JOSEPH A. ZEBROWSKI *vs*. TOWN OF PALMER. January 9, 1987. *Police, Retirement. Retirement. Veteran.*

The plaintiff, a police officer of long standing, was accused of theft and was suspended by the selectmen without hearing for a period of five days under the provisions of G. L. c. 31, § 41, second par. The plaintiff challenged the suspension and sought a hearing. The same day the selectmen notified the

---

plaintiff that they would hold a hearing under the first paragraph of § 41 in contemplation of discharge or a longer suspension. The hearing was held, and the plaintiff agreed in writing to waive the two-day period fixed by the first paragraph for rendering a decision. He also agreed "not to return to my employment in the Palmer Police Department until such time as a decision has been issued . . . [and] not to receive any compensation during this period."

A week later the plaintiff's attorney met with the board and proposed that the plaintiff return to duty for a short period and then retire on pension in exchange for a dropping of the charges. After extended discussion the board and the attorney reached an agreement, settling on the following terms: the plaintiff would not come back to work, he would submit a letter indicating that he agreed to retire effective the following day, and he would drop his appeal from the suspension; in return, the board would drop the charges against him, including their application for a criminal complaint, and would give him one week's vacation pay.

When the plaintiff thereafter applied for a pension, he did so not under the contributory retirement system, of which he is a member (see G. L. c. 32, §§ 1-28), but rather under the more generous provisions of the veterans' pension law, G. L. c. 32, § 58.

Implementing a legislative policy in effect since 1934 (St. 1934, c. 285), courts have declined to give an expansive construction to the veterans' pension statutes. See *Davis* v. *Retirement Bd. of the County of Middlesex,* 312 Mass. 115 (1942); *Sullivan* v. *Boston Retirement Bd.,* 359 Mass. 228, 230 (1971). Where an employee meets the statutory prerequisites, however, the appointing authority has no discretion to deny a pension under § 58. *Hoban* v. *Boston Retirement Bd.,* 355 Mass. 681, 683-684 (1969).

One of the prerequisites is that the applicant be in "active service." *Weiner* v. *Boston,* 342 Mass. 67, 71 (1961). *Sullivan* v. *Boston Retirement Bd.,* 359 Mass. at 230. See also *Kennedy* v. *Holyoke,* 312 Mass. 248, 249-251 (1942) (relating to the identical prerequisite for veteran's pension eligibility under § 57). Recent decisions have made it clear that the term "active service" as used in § 58 "should be strictly construed to include only that service for which compensation has been received." *Cardellicchio* v. *Board of Retirement of Natick,* 391 Mass. 760, 763 (1984), quoting from *Sullivan* v. *Boston Retirement Bd.,* 359 Mass. at 230.

Whether the plaintiff is viewed at the time of his retirement as having been on a continuing suspension or on a leave of absence without pay, he was, by his own arrangement, not in "active service" as thus defined. He had been informed, in effect, that if he insisted on his statutory right to reinstatement at the end of the five-day period of suspension (see G. L. c. 31, § 41, second par.), the selectmen would render a decision discharging him. Such a decision would have endangered his eligibility even for a contributory retirement system pension. G. L. c. 32, § 10(2)(c). By agreeing to forgo his challenge to the validity of his suspension, he waived his right

under G. L. c. 31, § 41, second par., to a decision that might have annulled the suspension and restored his compensation for the period thereof. Compare *Kennedy* v. *Holyoke,* 312 Mass. at 251. The vacation pay does not alter this result; whatever pay period it was attributed to on the payroll, the testimony made it clear that it was in partial payment of vacation time accrued prior to the plaintiff's termination of active service. The judge ruled correctly that the plaintiff does not meet the criteria for a veterans' pension under § 58.

*Judgment affirmed.*

*Stephen W. Silverman* for the plaintiff.
*Charles F. Ksieniewicz,* Town Counsel, for the defendant.