GEORGE W. FLANAGAN *vs.* LOWELL HOUSING AUTHORITY & another.

Middlesex.    April 8, 1969. — May 5, 1969.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

*Pension. Retirement. Housing. Equity Jurisdiction,* Declaratory relief, Proceeding against Commonwealth. *Equity Pleading and Practice,* Parties.

A veteran who had retired from the service of a housing authority after electing the pension benefits enumerated in G. L. c. 32, §§ 58 and 58B, was entitled to payment by the authority of the full amount of such benefits from the date of his retirement, even though the authority, which conducted Federal and State housing projects and allocated administration expenses thereof by charging 77.4% to the Federal projects and 22.6% to the State projects, paid him only 22.6% of his pension after his retirement because the appropriate Federal agency refused to approve payment of 77.4% thereof and the Department of Commerce and Development refused to approve payment of more than 22.6% thereof, and even though the rental income from the State projects was not sufficient to pay his pension [20–21]; the department had no power to prevent the authority from meeting its statutory obligation [21].

A suit in equity lay under G. L. c. 231A against the Department of Commerce and Development by a veteran retired from the service of a housing authority for a determination of whether he was entitled to payment by the authority of the full pension benefits stated in c. 32, §§ 58 and 58B, or only to payment of the proportion of such benefits approved by the department; the Federal Housing Administration, which had disapproved payment by the authority of a proportion of such benefits, was not an indispensable party to the suit under c. 231, § 8. [21–22]

BILL IN EQUITY filed in the Superior Court on March 12, 1968.

The suit was reported by *Good,* J.

*Robert P. Sullivan* (*James J. Zegouros* with him) for the plaintiff.

*Walter H. Mayo, III,* Assistant Attorney General, for Massachusetts Department of Community Affairs.

*P. Harold Ready,* for Lowell Housing Authority, submitted a brief.

SPIEGEL, J. This is a bill in equity for a declaratory decree under G. L. c. 231A. The plaintiff seeks a determination of whether he "is entitled to the pension proceeds enumerated in . . . [G. L. c. 32, §§ 58 and 58B]," an order directing the defendant Lowell Housing Authority (authority) to pay the "pension proceeds," and an order directing the defendant Department of Commerce and Development [1] (department) "to approve the payment of the full amount of . . . [the] pension in the budgets of the . . . Authority." The case was heard on a statement of agreed facts and a judge of the Superior Court reported it without decision.

The authority "conducts" Federal and State housing projects. While both types of projects are administered by the same staff, separate records are maintained. Administration and maintenance expenses are allocated between the projects as follows: 77.4% are charged to the Federal projects and 22.6% to the State projects. The rental income from the Federal projects has been sufficient to meet "all ordinary obligations" of the authority and to amortize the Federal loan obligations. The rental income from the State projects "has not been sufficient, for many years past, and at the present time is not sufficient to pay administration and maintenance costs with reference to State projects and amortization payments." The Commonwealth has made contributions to the authority for the payment of bond obligations.

On September 21, 1965, the authority accepted the provisions of G. L. c. 32, §§ 56–60. Section 58, as amended through St. 1965, c. 498, § 3, then provided in pertinent

---

[1] Now the Department of Community Affairs.

part that "[a] veteran who has been in the service of . . . any housing authority for a total period of thirty years in the aggregate, shall, at his own request, with the approval of the . . . [housing] authority, be retired from active service at sixty-five per cent of the highest annual rate of compensation . . . payable to him while he was holding the grade held by him at his retirement." Section 58B, as amended by St. 1957, c. 113, § 1, provided that "[a] veteran who is entitled to be retired under the provisions of . . . [§ 58] may . . . elect to receive a lesser yearly amount of pension payable to such veteran during his lifetime, with the provision that upon his death leaving as a survivor his spouse at the time of his retirement two thirds of the yearly amount of such lesser pension shall be continued during the lifetime of and paid to such spouse." On December 6, 1966, the plaintiff, a veteran and an employee of the authority, requested that he be retired pursuant to the provisions of G. L. c. 32, §§ 56–60. He exercised the election provided for in § 58B. The authority approved his retirement on December 20, 1966, and on January 3, 1967, having served the required thirty years, the plaintiff retired.

Under the provisions of G. L. c. 32, § 58B, the plaintiff's pension amounts to $6,031 annually with a subsequent survivorship allowance for his widow of $4,020.67 annually. The plaintiff's salary as an employee of the authority was an administrative expense and as such had been allocated between the Federal and State projects accordingly. On December 15, 1966, the authority submitted to the appropriate Federal agency a budgetary request for contributions by the agency of 77.4% of the plaintiff's pension. Because the "Annual Contributions Contract" between the authority and the Federal agency prohibited direct payments of pension funds to retired employees, the request was not approved. The department refused to approve payment by the authority of more than 22.6% of the pension from the rental income of the State projects. As a result, the plaintiff has received only 22.6% of his pension.

1. General Laws c. 32, § 58, as accepted by the authority,

provides that the plaintiff shall receive as a pension certain payments. The section does not provide that he shall receive only those payments as the department or the appropriate Federal agency shall approve. Nor does the section provide that he shall receive a pension only if the rental income from the State projects is sufficient to make the payments.[2] The plaintiff and his surviving spouse are entitled to receive from the authority, and the authority is required by G. L. c. 32, §§ 56–60, to pay to the plaintiff and his surviving spouse the full benefits provided for by those sections.

2. The authority does not contest the plaintiff's right to these benefits. Indeed it would be compounding a gross injustice for the authority to join with the department in attempting to escape its obligation to the plaintiff. The authority contends that it is "restrained" from paying the full pension. The authority asserts that the department "has arrogated to itself the power to approve or disapprove the budgetary set-up of local authorities, and disapprove contemplated expenditures." We need not decide whether the department has the "power" generally to disapprove expenditures by a local housing authority. Assuming that the department has such "power," it surely lacks the "power" to prohibit or prevent a local housing authority from meeting its obligations established by the Legislature. The Legislature, when it amended c. 32 to allow local housing authorities to accept the provisions of §§ 56–60 (St. 1965, c. 498, § 5, as amended by St. 1965, c. 680, § 2), "must be presumed to have been familiar with the situation." *Old Colony R.R.* v. *Framingham Water Co.* 153 Mass. 561, 564. The Legislature must be presumed to have been aware of the fact that the rental income of State projects might be the only source available to the local housing authorities for the payment of the pensions.

3. We do not agree with the contentions of the department that a bill in equity under G. L. c. 231A will not lie against

[2] The department stated during oral argument before this court that, even if there were sufficient rental income, it would not approve the full payment of the plaintiff's pension.

it and that the Federal Housing Administration is an indispensable party under G. L. c. 231A, § 8. See *Metropolitan Dist. Police Relief Assn. Inc.* v. *Commissioner of Ins.* 347 Mass. 686, 689.

4. The case is remanded to the Superior Court where a final decree is to be entered (1) declaring that the plaintiff is entitled to the full pension benefits provided for by G. L. c. 32, §§ 56–60, from the date of his retirement; (2) directing the authority to pay such benefits; and (3) prohibiting the department from interfering in any manner with their payment.

*So ordered.*