JERRY V. CARDELLICCHIO *vs.* BOARD OF RETIREMENT OF NATICK. December 9, 1982. This case presents issues comparable to those decided in *Santucci* v. *Selectmen of Palmer,* 4 Mass. App. Ct. 785 (1976), *LaCouture* v. *Retirement Bd. of Quincy,* 11 Mass. App. Ct. 738 (1981), and *Habeeb* v. *Retirement Bd. of Quincy,* ante 902 (1982). In 1978, Cardellicchio, a veteran, then a captain in the Natick Fire Department (the department) with past employment there for a period of thirty years in the aggregate

sought noncontributory retirement under G. L. c. 32, §§ 56 to 60, as amended, especially § 58. There is no dispute about his being eligible for such retirement, see *Bianchi* v. *Retirement Bd. of Somerville*, 359 Mass. 642, 646 (1971), apart from the single issue whether he was in the "employment" of the town of Natick on or prior to June 30, 1939, so that he could avoid the prohibition found in G. L. c. 32, § 60, (as amended through St. 1973, c. 207, § 7), that "[n]o veteran whose *employment* first begins after" June 30, 1939, "shall be subject to the provisions of" §§ 56 to 59 (emphasis supplied).

On August 15, 1978, the head of the department filed with the Natick Board of Retirement (the board) an application pursuant to G. L. c. 32, § 16(1), for Cardellicchio's involuntary retirement. In support of his application for noncontributory retirement under c. 32, §§ 56 to 60, Cardellicchio submitted various affidavits, and various witnesses were heard in person by the board on October 11 and 12, 1978. The testimony on those occasions in 1978, if believed, was indefinite and at most would have established that, on February 28, March 11, April 18, and April 23, 1938, Cardellicchio was paid by the town by check small sums, in no instance more than $12.50, for unidentified services to the Natick Department of Public Works. Cardellicchio's own 1978 testimony before the board would indicate that these checks were for shovelling snow or other similar intermittent activity, and that Cardellicchio was on each occasion required to endorse the check and give it back to be applied to his father's water bill. To do this work he had to take time off from school. In any event, in 1978, the board denied Cardellicchio's application for noncontributory retirement. He was then retired on the department chief's application under G. L. c. 32, § 16(1).

In 1978, the Natick cash and check register for 1939 could not be found. It was discovered in September, 1981. That 1939 check register showed that Cardellicchio, then still in high school, was paid by the town the sum of eighty cents on April 24, 1939, charged to the "Fire" appropriation. After a further hearing or consultation before the board on October 27, 1981, the board again denied Cardellicchio's application for noncontributory retirement under c. 32, § 58.

In 1978, Cardellicchio under G. L. c. 30A had filed in the Superior Court this petition for review of the board's original 1978 decision. This was still pending on November 18, 1981, when Cardellicchio sought to amend the petition to assert the facts concerning the 1939 payment discovered in 1981. The case was submitted on a statement of agreed facts, setting out substantially the circumstances already mentioned.

The trial judge expressed the view (without indicating the basis for his statement) that the board in 1978 "was well warranted in concluding that there was insufficient evidence [then] presented to enable the board to conclude that" Cardellicchio had been employed by the town prior to June 30, 1939. Relying on the *Santucci* case, 4 Mass. App. Ct. at 785,

and the *LaCouture* case, 11 Mass. App. Ct. at 738, the judge held that the eighty-cent payment in 1939 met the requirement of G. L. c. 32, § 60, that Cardellicchio be in the "employment" of Natick prior to June 30, 1939. In each of the cases relied upon, there was a significant continuing relationship by the veteran to the government entity for which the retiring veteran did work. Those cases involved a Federal program, established under regulations mentioned in the *LaCouture* case at 743-744, authorizing an arrangement by which the veteran, over a period of time was to receive continuing compensation for part-time work, although the arrangement, in each instance, was not expected to be prolonged beyond the veteran's student days. In the present case, the precise nature and purpose of Cardellicchio's eighty-cent payment (or indeed of any 1938 payments) has not been established, although his 1978 testimony before the board strongly suggests that it was for fighting brush fires for an hour or two. In the *Habeeb* case, *supra*, the veteran was an enlisted member of the National Guard, a continuing relationship with the Commonwealth during the veteran's enlistment. We think that the term "employment" as used in c. 32, § 60, imports at least some aspect of an arrangement for continuing employment rather than merely a sporadic hiring on a haphazard per diem or hourly basis to fight brush fires or to shovel snow in a temporary emergency.

The judgment is reversed. Judgment for the defendant board shall be entered in the Superior Court.

*So ordered.*

*Jerry J. DiGeronimo,* Special Town Counsel, for the defendant.
*Paul J. Sulla, Jr. (Patrick J. Sweeney* with him) for the plaintiff.