DENNIS T. MCKENNA *vs.* RETIREMENT BOARD OF NORTHAMPTON. April 14, 1983. The question raised by this appeal is whether a payment for unused accumulated sick leave received by the plaintiff, a veteran, in the year of his retirement is includible in computing his retirement benefits under G. L. c. 32, § 58. That statute, as last amended by St. 1973, c. 207, § 3, in relevant part provides that an eligible veteran shall be retired at "seventy-two per cent of the highest annual rate of compensation, including any bonuses paid in lieu of additional salary or as a temporary wage increase in addition to his regular compensation . . . payable to him while he was holding the grade held by him at his retirement."

In two recent cases, *Boston Assn. of Sch. Admrs. & Supervisors* v. *Boston Retirement Bd.*, 383 Mass. 336 (1981) *(BASAS)*, and *Massachusetts Teachers Assn.* v. *Teachers' Retirement Bd.*, 383 Mass. 345, 347 n.3 (1981) *(MTA)*, the Supreme Judicial Court concluded that retirement incentive and sick leave payments were not to be included in computing retirement benefits under G. L. c. 32, § 5(2)(a), as amended through St. 1977, c. 744. Under that statute such benefits are based on "the average annual rate of regular compensation," received during a specified period, a term which, as noted by the court, "point[s] to recurrent or repeated amounts of compensation." *BASAS* at 341. In *MTA*, at 347 n.3, the court indicated, with particular reference to sick leave severance amounts, that such payments "go by the same rule as the retirement incentive payments." They are not in accord with the "annual rate" concept of the statute as they are paid only once. See *MTA* at 348 n.5.

While we agree with the plaintiff that the definitions contained in G. L. c. 32, § 1, and the judicial construction given to other sections of c. 32 do not "generally speaking" control the provisions applicable to veterans, *Bianchi* v. *Retirement Bd. of Somerville*, 359 Mass. 642, 647 (1971); *LaCouture* v. *Retirement Bd. of Quincy*, 11 Mass. App. Ct. 738, 741 (1981), we think the language of G. L. c. 32, § 58, like that of G. L. c. 32, § 5(2)(a), contains an "annual rate" concept which is inconsistent with including, as part of the retirement base, a one-time accumulated sick leave payment. We are aware that unlike § 5(2)(a), which by reason of § 32, § 1, excludes bonuses, § 58 specifically includes "bonuses paid in lieu of additional salary." We consider, however, that a payment for unused accumulated sick leave is not a bonus "paid in lieu of additional salary or as a temporary wage increase in addition to his regular compensation." Accordingly, we hold that the accumulated sick leave pay-

ment received by the plaintiff is not to be included in computing his retirement benefits under G. L. c. 32, § 58.

*Judgment affirmed.*

*Robert J. Muldoon, Jr.,* for the plaintiff.
*Thomas A. Hickey* for the defendant.