JERRY V. CARDELLICCHIO vs. BOARD OF RETIREMENT OF
NATICK.

Middlesex.   December 8, 1983. — May 3, 1984.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Retirement. Public Employment,* Retirement. *Words,* "Employment."

Services performed for a town on a single day prior to July 1, 1939, for which
    the town paid eighty cents, constituted "employment" within the meaning
    of G. L. c. 32, § 60, so as to qualify a town employee, at his retirement
    as a military veteran following thirty years' service with the town's fire
    department, for noncontributory retirement benefits pursuant to G. L.
    c. 32, § 58. [762-764]

CIVIL ACTION commenced in the Superior Court Department
on November 30, 1978.

The case was heard by *James P. Donohue,* J.

After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.

*Paul J. Sulla, Jr.,* for the plaintiff.

*J. J. DiGeronimo* for the defendant.

*Robert J. Muldoon, Jr., Paul R. Gupta & Constance M.
Hilton,* for Massachusetts Teachers Association, amicus
curiae, and *Thomas A. Hickey,* for Professional Firefighters
of Massachusetts, Inc., amicus curiae, joined in a brief.

O'CONNOR, J. The sole issue in this case is whether service
performed by the plaintiff, Jerry V. Cardellicchio, for which
he was compensated the sum of eighty cents by the town of
Natick on April 24, 1939, constitutes "employment" within
the meaning of G. L. c. 32, § 60, as amended through St. 1973,
c. 207, § 7. If we determine that such service constitutes
employment on or prior to June 30, 1939, Cardellicchio, who
is a military veteran and has thirty years of employment with
the Natick fire department, will be entitled to receive substan-

tial noncontributory retirement benefits pursuant to G. L. c. 32, § 58, because he will not be within the exclusion provided in c. 32, § 60, that "[n]o veteran whose employment first begins after [June 30, 1939] shall be subject to the provisions of sections fifty-six to fifty-nine, inclusive." On the other hand, if we conclude that such service does not constitute employment on or prior to June 30, 1939, Cardellicchio will only be entitled to the less favorable retirement benefits provided by G. L. c. 32, § 5. We hold that Cardellicchio's service for which he was compensated eighty cents by the town of Natick on April 24, 1939, constitutes "employment" as used in § 60. Therefore, the exclusion found in § 60 does not apply and, because Cardellicchio meets the requirements of c. 32, § 58, he is entitled to noncontributory retirement benefits pursuant to § 58.

The following facts are not in dispute. On August 15, 1978, the chief of the Natick fire department filed with the Natick board of retirement (board) an application pursuant to G. L. c. 32, § 16 (1), for Cardellicchio's involuntary retirement. The board met on October 11, 1978, to consider this application. At the meeting, Cardellicchio also sought to prove through affidavits and the testimony of witnesses that he had been employed by the town of Natick prior to July 1, 1939, so as to qualify for noncontributory retirement benefits under G. L. c. 32, § 58. At the conclusion of the meeting, the board accepted the fire chief's application for Cardellicchio's involuntary retirement. The board also informed Cardellicchio that he was not entitled to noncontributory retirement benefits pursuant to G. L. c. 32, § 58. Thereafter, in November, 1978, Cardellicchio filed a petition under G. L. c. 30A, seeking review of the board's decision.

The case lay dormant until September, 1981, when the Natick cash and check register for 1939, which had been lost at the time of the 1978 hearing, was found. It showed that Cardellicchio had been paid out of the town's fire department's appropriation the sum of eighty cents on April 24, 1939. Following this discovery, Cardellicchio renewed his request for noncontributory retirement benefits. On October 27, 1981, the

board met with Cardellicchio to discuss his application for such benefits. The parties were unable to resolve the matter.

On November 18, 1981, Cardellicchio moved to amend his c. 30A petition, which was still pending in the Superior Court, to assert the facts concerning the April 24, 1939, payment. The case was submitted to the Superior Court on a statement of agreed facts.

There is no dispute that Cardellicchio is a veteran, that he has retired from active service with the fire department, that he served with the fire department for thirty years, and that on April 24, 1939, the town paid Cardellicchio for work done for the town. A judge of the Superior Court held that the work performed by Cardellicchio for which he was compensated on April 24, 1939, constituted pre-June 30, 1939, employment and that Cardellicchio, therefore, was entitled to be retired under the provisions of c. 32, § 58.

The board appealed, arguing to the Appeals Court that by enacting c. 32, §§ 56-60, the Legislature intended to reward veterans who, prior to July 1, 1939, had been employed by the Commonwealth or a political subdivision thereof on a regular and continuous basis and expected a retirement pension because of that. The Appeals Court agreed with the board and reversed the judgment of the Superior Court, stating that "the term 'employment' as used in c. 32, § 60, imports at least some aspect of an arrangement for continuing employment rather than merely a sporadic hiring on a haphazard per diem or hourly basis." *Cardellicchio* v. *Board of Retirement of Natick*, 15 Mass. App. Ct. 903, 905 (1982). We granted Cardellicchio's application for further appellate review. We affirm the judgment of the Superior Court.

The principal provisions relating to the retirement of veterans and their pensions are found in G. L. c. 32, §§ 56-60. Section 60 states in part: "No veteran whose employment first begins after June thirtieth, nineteen hundred and thirty-nine, shall be subject to the provisions of sections fifty-six to fifty-nine, inclusive; nor shall any veteran whose employment first began on or before said June thirtieth be subject to said provisions unless at the time of his retirement the total period of his credit-

able service is at least equal to twice the time he was not in the employ of the commonwealth or of a county, city, [or] town . . . subsequent to the date when his employment by the commonwealth or by a county, city, [or] town . . . first began." A veteran who does not come within the exclusion found in § 60, is entitled to noncontributory retirement benefits if he meets the requirements of c. 32, § 58, which reads in part: "A veteran who has been in the service of the commonwealth, or of any county, city, [or] town . . . for a total period of thirty years in the aggregate, shall, at his own request, with the approval of the retiring authority, be retired from active service at seventy-two per cent of the highest annual rate of compensation, including any bonuses" or other special payments not relevant to this case.

The words of a statute "are to be given their usual and ordinary meaning considered in light of the aim to be accomplished by the Legislature." *Prudential Ins. Co.* v. *Boston*, 369 Mass. 542, 546 (1976). According to its usual and ordinary meaning, the term "employment" refers to the rendering of services for pay.

We find a modicum of support for such a construction in the relevant case law interpreting G. L. c. 32, §§ 56-60. In *Sullivan* v. *Boston Retirement Bd.*, 359 Mass. 228, 229-230 (1971), we held that uncompensated service by a veteran, as a member of a school committee, may not be included in computing the period of service required by § 58. We stated that "G. L. c. 32, § 58, should be strictly construed to include only that service for which compensation has been received." *Id.* at 230. In *LaCouture* v. *Retirement Bd. of Quincy,* 11 Mass. App. Ct. 738 (1981), the Appeals Court determined that the plaintiff, a teacher, who was otherwise qualified to retire under G. L. c. 32, § 58, had been employed prior to July 1, 1939, because he had worked as a school aide for ten hours a month at a rate of thirty cents an hour, for about seven months. In *Lexington* v. *Bedford*, 378 Mass. 562, 568-572 (1979), we concluded that public service for remuneration in the Commonwealth is creditable toward the number of years needed to satisfy the length of service requirement in G. L.

c. 32, §§ 56-60, regardless of whether a town has accepted the Veterans' Retirement Act. In *Santucci* v. *Selectmen of Palmer*, 4 Mass. App. Ct. 785 (1976), the Appeals Court decided that "casual" service as a janitor for 255 hours during the months of November and December, 1938, and January, 1939, at Massachusetts State College at Amherst where Santucci was a student constituted "employment" within § 60. Finally, in *Bianchi* v. *Retirement Bd. of Somerville*, 359 Mass. 642, 648 (1971), we concluded that each year of part-time employment constitutes one year of service under § 58. Although none of these cases focus on the precise issue before us, they at least suggest that the term "employment" as used in § 60, means work for which compensation has been received, without limitation as to the quality or regularity of the work.

Our conclusion that the word "employment" in G. L. c. 32, § 60, refers to the rendering of services for pay, whether or not on a regular and continuing basis, is best supported by the fact that such a standard provides reasonable certainty about the eligibility for noncontributory retirement benefits under §§ 56-60, while the standard advanced by the Appeals Court does not. We agree with the plaintiff that a worker must have reasonable certainty about his eligibility for benefits and not be subject to administrative or judicial ruminations about the regularity or continuity of his work. A standard that focuses on the continuity or regularity of work has no practical way of being implemented uniformly. One administrator's or judge's view of "an arrangement for continuing employment" may differ from the view of another. We think, therefore, that the better, and more practical approach is to construe the term "employment" to mean work for pay, thereby drawing a clear line between those who are eligible to receive noncontributory retirement benefits and those who are not. There being no dispute that Cardellicchio received eighty cents on April 24, 1939, from the town of Natick for services rendered, and that Cardellicchio is otherwise eligible for noncontributory retirement benefits under G. L. c. 32, § 58, he is entitled to receive such benefits.

*Judgment of the Superior Court.*
*affirmed*