JANE LEWIS *vs.* MARJORIE MARSH. March 24, 1986. *Debt. Secured Transactions. Unjust Enrichment. Practice, Civil,* Counsel fees.

When the defendant debtor, Marsh, purchased a mare, she did so with funds which, at least in part, she borrowed from the plaintiff creditor, Lewis. In so doing, Marsh signed a promissory note on June 6, 1981, the same date she bought the mare from a third party, which provided that, in the event of a default, Lewis would be entitled to "full possession, custody, and ownership of the animal described above, to be seized, removed, sold, traded, or otherwise used to satisfy this debt." The total amount of the debt was three hundred dollars. Marsh defaulted on her payments, but Lewis took no immediate action in respect to the mare, referred to by the parties as "Annie." Annie gave birth to a filly, "Star," and Lewis, almost a year

after the default, made claim to Annie and Star under the terms of the note. Marsh surrendered Annie but said no to Star. On a complaint brought in the Superior Court, Lewis sought possession of Star and compensation for Marsh's use and enjoyment of Annie and Star subsequent to her default. The judge dismissed the complaint under Mass.R.Civ.P. 12 (b) (6), 365 Mass. 755 (1974). We affirm.

1. Lewis has no right of possession of Star, and all counts of her complaint concerning the filly were properly dismissed. It is Lewis's contention that when Marsh failed to meet her payment obligations under the terms of the note, title to Annie vested immediately in her (Lewis). Because Annie was then pregnant, Lewis concludes that title to Star also vested at that time.

If Lewis is not a secured creditor, and in her brief she eschews that status, then her only claim to Star would be to satisfy any judgment on the note that she might obtain. Even then, Lewis would not have a right to specific property belonging to Marsh, who could safisfy a judgment with money rather than part with Star.

Like it or not, Lewis must accept her status as a secured creditor. By the very allegations of the complaint and the terms of Marsh's note attached to the complaint, Marsh gave Lewis an interest in Annie to secure payment on that note. The note, therefore, is a security agreement and Lewis a secured creditor. See G. L. c. 106, § 1-201(37) and § 9-105(*l*) & (*m*). As a secured party, Lewis's rights to Annie, who has been surrendered to Lewis, are set out in G. L. c. 106, § 9-503 and § 9-504.

Whether Lewis also has a right to Star depends upon the terms of the security agreement (the note) and not on Annie's pregnancy at the time of Marsh's default. Lewis's right of possession is limited to the collateral specified in the security agreement. See G. L. c. 106, § 9-203(1) & (2) and § 9-503. The note was secured by "the animal described above." That description reads: "an angelo-arab horse, a brown mare of approximately 15 hands, purchased this date from" the identified third party. This description is neither general nor inclusive. Rather, it is particular and limited. See generally Reiley, Guidebook to Security Interests in Personal Property § 3.8(c) (1) & § 3.8(f) (7) (1981). Cf. G. L. c. 106, § 9-402(4).

Although the complaint does not reveal whether Annie should be viewed as a consumer good or a farm product, see G. L. c. 106, § 9-109(1) & (3), that fact is irrelevant to our conclusion. The distinction would be material only were we first to conclude that Lewis had a right to Star. See G. L. c. 106, § 9-505.

2. As Lewis had no right to Star, her claim for compensation for Marsh's use and enjoyment of the filly fails. Construing the complaint as favorably as we can in Lewis's favor we do not see how she is entitled to be compensated for Marsh's use of Annie after her default on the note. By Lewis's own allegations, she told Marsh that Marsh could keep Annie until she (Lewis) wanted her. In view of Lewis's rights to Annie under G. L. c. 106,

§ 9-503 and § 9-504, and her permissive statements to Marsh concerning retention of Annie, the claim of unjust enrichment was properly dismissed. See *Gifford* v. *Mercantile Wharf Corp.*, 355 Mass. 792 (1969). Cf. *Nassr* v. *Commonwealth*, 394 Mass. 767, 777 (1985); *Home Carpet Cleaning Co.* v. *Baker*, 1 Mass. App. Ct. 879, 880 (1974).

3. Marsh seeks an award of counsel fees under Mass.R.A.P. 25, as amended, 378 Mass. 925 (1979). "An appeal should not, however, be tarred as frivolous because it presents an argument that is novel, unusual or ingenious, or urges adoption of a new principle of law or revision of an old one." *Allen* v. *Batchelder*, 17 Mass. App. Ct. 453, 458 (1984). Although we are inclined to think that the parties should have been able, without litigation, to settle their dispute, which could be viewed as insignificant (Marsh alleges in her brief that at the time the action was brought, there was twenty-five dollars, at most, due and owing on the total debt of three hundred dollars) when compared to other cases pending in the courts of the Commonwealth, we do not think the matter sinks to the level considered by the court in *Allen*. Therefore we deny Marsh's request.

*Judgment affirmed.*

*George J. Basbanes* for the defendant.
*Kenneth Quat,* for the plaintiff, submitted a brief.