ROCCO J. LOCHIATTO *vs.* RETIREMENT BOARD OF NEWTON. March 20, 1987. *Public Employment,* Retirement. *Retirement. Veteran.*

The retirement board of Newton (board) appeals from a judgment of the Superior Court which, in effect, declares that the plaintiff, a veteran, is eligible for retirement benefits under G. L. c. 32, §§ 56-58. We reverse.

We take our facts from the findings of the judge. Lochiatto, a veteran, worked for the city of Newton shoveling snow for a few days in 1932, 1933 and 1934. He also worked for the city for six weeks in 1954. Beginning in May, 1955, he was employed continuously by the city as a laborer until he became disabled in 1979. He then began receiving workers' compensation benefits.

In March, 1984, the acting commissioner of public works, pursuant to G. L. c. 32, § 16(1), filed an application for the involuntary accidental disability retirement of the plaintiff. The plaintiff consulted an attorney, but in informing him of his employment record with the city, failed to mention his pre-1939 snow shoveling. The attorney advised the board that the plaintiff would not contest his retirement. The plaintiff took no appeal, see G. L. c. 32, § 16(3)(*a*), and made no objection until October, 1984, when he retained new counsel. In October, through his new counsel, the plaintiff requested reconsideration by the board and sought to convert his

retirement from the contributory retirement system (see G. L. c. 32, §§ 1-28) to the more generous provisions of the veterans' pension law, G. L. c. 32, §§ 56-58. The board denied the request after receiving an opinion from the Commissioner of Public Employee Retirement, see G. L. c. 32, § 21, that the alternative rights under §§ 56-60 were, under G. L. c. 32, § 25(3)(*a*), as appearing in St. 1945, c. 658, § 1, to be exercised "only at the time of his retirement." The plaintiff did not appeal, see G. L. c. 32, §§ 57A & 16(4), but brought, instead, this action for declaratory relief.

For purposes of this appeal, we assume that neither the plaintiff's failure to appeal under G. L. c. 32, § 16(4), nor his postretirement attempt to change his retirement classification precludes this action for declaratory relief.

1. *Eligibility under G. L. c. 32, § 58.* That statute, as appearing in St. 1968, c. 700, § 1, provides benefits to a veteran "who has been in the service of . . . any . . . city . . . for a total period of thirty years in the aggregate." The plaintiff can arrive at thirty years of service only by counting as one of the years a year in which he shoveled snow for a few days or the year in which he worked for six weeks.

The plaintiff relies on *Bianchi* v. *Retirement Bd. of Somerville,* 359 Mass. 642 (1971), to achieve this result. In that case, Dr. Bianchi, a practicing dentist, was continuously employed as a part-time dentist for almost thirty-seven years. In concluding that he had the necessary thirty years of service, the court rejected the interpretation of the retirement board which would have treated two years of half-time work as qualifying for one year of service. Such a construction would require sixty years of half-time work to acquire the statutory minimum of thirty years of employment and would make it impossible, with a compulsory retirement age of seventy, for part-time employees to retire under § 58. 359 Mass. at 648-649.[1]

In contrast to Dr. Bianchi, Lochiatto was not employed by Newton for thirty full calendar years. His casual employment for a few days shoveling snow or his six week stint in a later year may not be included as a year's service in computing the requirement of § 58, that is, "service . . . for a total period of thirty years in the aggregate."[2] We see nothing in the *Bianchi*

---

[1] In reaching its result, the court also relied on the fact that the retirement benefits to be received under § 58 by Dr. Bianchi would be based on his part-time compensation. 359 Mass. at 648.

[2] We note that a similar distinction has been made in construing G. L. c. 71, § 41. The first sentence of § 41, as appearing in St. 1973, c. 847, § 6, provides tenure for a teacher "who has *served* . . . for the three previous consecutive school *years*" (emphasis supplied). Part-time continuous service has been held to come within the statute. *Frye* v. *School Comm. of Leicester,* 300 Mass. 537, 540 (1938). *Ryan* v. *Superintendent of Schs. of Quincy,* 363 Mass. 731, 739 (1973). Intermittent and irregular service even for a substantial period of time does not. *Nester* v. *School Comm. of Fall River,* 318 Mass. 538, 542 (1945). See also *Brodie* v. *School Comm. of Easton,* 3 Mass. App. Ct. 141, 143 (1975); *Fortunato* v. *King Philip Regional Sch. Dist. Comm.,* 10 Mass. App. Ct. 200, 204 (1980); *Matthews* v. *School Comm. of Bedford,* 22 Mass. App. Ct. 374, 377-378 (1986).

case nor in § 58 to suggest that Lochiatto should be given credit for more than the period actually worked in the years in which he only worked a few days or a few weeks. See Rep. A. G., Pub. Doc. No. 12, at 68-69 (1957), cited in *Bianchi* at 649 (limiting credit to the number of days actually worked as town moderator).[3]

2. *Eligibility under §§ 56 and 57.* Under these provisions a veteran need only have ten years of service. The sections, as revised by St. 1973, c. 207, §§ 1 & 2, respectively, provide, however, that his "total income from *all* sources, exclusive of such retirement allowance and of any sum received from the government of the United States as a pension for war service, [may not exceed] one thousand dollars" (emphasis supplied).

Lochiatto received workers' compensation payments of $170.42 a week from the date of his disability in 1979 until trial, an amount equal to almost nine thousand dollars per year. The plain meaning of the statute does not yield to Lochiatto's argument that the one thousand dollar maximum is a limitation on taxable income only. We note that "courts have declined to give an expansive construction to the veterans' pension statutes." *Zebrowski* v. *Palmer, ante* 956, 957 (1987), and cases cited.[4]

Since we conclude that Lochiatto is not eligible for benefits under the veterans' pension provisions, the judgment is vacated and the matter is remanded to the Superior Court for the entry of a judgment declaring that the plaintiff is not entitled to benefits under G. L. c. 32, §§ 56-58.

*So ordered.*

*Gary A. Blau,* Assistant City Solicitor, for the defendant.
*James R. Burke* for the plaintiff.

---

[3] We are not unaware that in *Cardellicchio* v. *Board of Retirement of Natick,* 391 Mass. 760, 763-764 (1984), in determining when "employment first begins" under G. L. c. 32, § 60, as amended through St. 1973, c. 207, § 7, the court held "employment" to mean the rendering of service for pay "whether or not on a regular and continuing basis." The court reached its interpretation because of the need for setting a uniform standard which would "not be subject to administrative or judicial ruminations about the regularity or continuity of his work." *Id.* at 764.

In computing years of service, however, uniformity may be easily achieved by counting time actually served. There is no need to strain the term "for a total period of thirty years in the aggregate" by treating intermittent employment in a given year as a full year of service. Such a construction would not only be contrary to the ordinary meaning of § 58, but would also be contrary to the principles of strict construction which the Supreme Judicial Court has applied to that provision. *Sullivan* v. *Boston Retirement Bd.,* 359 Mass. 228, 230 (1971).

[4] In view of our conclusion that the plaintiff has not met the income requirements of §§ 56 and 57 or the years of service requirement of § 58, we need not reach the other arguments of the defendant for holding Lochiatto ineligible under the veterans' pension provisions.