JOHN A. GLORIOSO *vs.* RETIREMENT BOARD OF WELLESLEY.

Norfolk.  November 6, 1987. — February 9, 1988.

Present: HENNESSEY, C.J., LIACOS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Retirement. Public Employment,* Retirement. *Pension. Veteran. Contribu-
tory Retirement Appeal Board. Jurisdiction,* Contributory Retirement
Appeal Board. *Practice, Civil,* Appeal, Frivolous action.

The Contributory Retirement Appeal Board has no jurisdiction over claims
    by a veteran for noncontributory retirement benefits pursuant to G. L.
    c. 32, § 58. [650-651]
Services performed for a town on at least two occasions prior to July 1, 1939,
    for which the town paid $1.88, constituted "employment" within the
    meaning of G. L. c. 32, § 60, so as to qualify a town employee, on his
    retirement as a military veteran following thirty years' service with the
    town's fire department, for noncontributory retirement benefits pursuant
    to G. L. c. 32, § 58. [651-652]
In the circumstances, this court, concluding that it would be inappropriate to
    deem as frivolous the appeal taken by a town's retirement board in a
    proceeding by a town employee to determine his rights under G. L.
    c. 32, §§ 56-60A, the Veterans' Retirement Act, declined to award
    additional damages and costs under Mass. R. A. P. 25. [652-653]

CIVIL ACTION commenced in the Superior Court Department
on June 24, 1983.

The case was heard by *Edward W. Farrell,* J., sitting under
statutory authority.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Albert S. Robinson,* Town Counsel, for the defendant.

*Dennis R. Brown* for the plaintiff.

LIACOS, J. This is an action for declaratory judgment seeking
to determine the rights of the plaintiff, John A. Glorioso, under
the Veterans' Retirement Act, G. L. c. 32, §§ 56-60A (1986
ed.). The plaintiff claims eligibility to participate in a non-
contributory retirement system under § 58. This would entitle

him to recover his contributions to the Wellesley retirement system made during his employment as a firefighter from October 1, 1949, until his retirement on November 7, 1979. See G. L. c. 32, § 25 (3) (1986 ed.).[1]

The retirement board of Wellesley (board), on October 19, 1979, denied Glorioso's application for retirement under § 58 and for a refund pursuant to G. L. c. 32, § 25 (3). Glorioso then brought an action for declaratory judgment in the Superior Court in Norfolk County. After that action was dismissed, without prejudice, for failure of the plaintiff to exhaust his administrative remedies, the board reconvened on February 11, 1981, and affirmed its previous decision. Glorioso pursued a timely appeal to the Contributory Retirement Appeal Board (CRAB). On April 29, 1983, CRAB affirmed the board's decision.

On June 24, 1983, Glorioso filed this action in the Superior Court in Norfolk County seeking a judgment declaring his rights under c. 32, § 58, and, alternatively, seeking judicial review pursuant to G. L. c. 30A, § 14 (1986 ed.). The judge concluded that CRAB lacked jurisdiction over cases brought pursuant to c. 32, § 58, and set aside CRAB's ruling. After a full evidentiary hearing, the judge found that Glorioso had been in the town's employ prior to June 30, 1939.[2] Relying on

---

[1] The text of G. L. c. 32, § 25 (3), reads, in pertinent part: "Rights of Veterans at Retirement. — (*a*) Any member in service classified as a veteran referred to in sections fifty-six to sixty A inclusive, who entered employ of any governmental unit prior to July first, nineteen hundred and thirty-nine, shall have full and complete rights either under the system of which he is a member or under the provisions of sections fifty-six to sixty A inclusive, whether or not he may have signed a waiver of his rights under such sections upon becoming a member of such system, anything to the contrary in the provisions of this chapter or in similar provisions of earlier laws notwithstanding. Such rights shall be in the alternative and shall be exercised only at the time of his retirement. If a member is retired under the provisions of sections fifty-six to sixty A inclusive, he shall, upon his written application on a prescribed form filed with the board in which he waives all his rights under sections one to twenty-eight inclusive, be paid the amount of the accumulated total deductions credited to his account in the annuity savings fund of the system on the date of his retirement."

[2] The parties stipulated that Glorioso met all of the criteria for retirement under c. 32, § 52, except for employment by the town prior to June 30,

*Cardellicchio* v. *Board of Retirement of Natick,* 391 Mass. 760 (1984), he entered judgment for Glorioso. The board filed a timely appeal, claiming that the judge erred in ruling that CRAB had no jurisdiction. We transferred the case to this court on our own motion. We affirm the Superior Court decision.

1. *CRAB's jurisdiction.* Our examination of the veterans' retirement provisions,[3] contained in G. L. c. 32, §§ 56-60, affirms the conclusion of the judge that CRAB has no jurisdiction to entertain claims arising under c. 32, § 58. Sections 56 and 57, to which the board refers, both cover retirement due to incapacity. Under c. 32, § 57A,[4] a right of appeal to CRAB is granted to those claiming retirement under either of these provisions. Significantly, as to § 58, which grants certain retirement benefits to those veterans retiring after thirty years' service, there is no similar provision providing a right of appeal to CRAB. "[A] statutory expression of one thing is an implied exclusion of other things omitted from the statute." *Harborview Residents' Comm., Inc.* v. *Quincy Hous. Auth.,* 368 Mass. 425, 432 (1975). *County of Middlesex* v. *Newton,* 13 Mass. App. Ct. 538, 542 (1982). We concluded that the Legislature did not intend that CRAB have jurisdiction over § 58 cases.[5]

Our conclusion comports with previous treatment of § 58 claims. In *Bianchi* v. *Retirement Bd. of Somerville,* 359 Mass. 642, 647 (1971), we concluded that the veterans' retirement

---

1939. The requisite criteria are discussed in this opinion, *infra.*

The board concedes in its brief that, if CRAB had no jurisdiction and if the judge properly held an evidentiary hearing on the plaintiff's claim, the judge's findings as to the plaintiff's employment are supported by the evidence.

[3] The Veterans' Retirement Act applies, by its terms, only to veterans of the Spanish Civil War and of the World Wars. See G. L. c. 32, §§ 56-58. Further, it is limited to those veterans whose employment began on or prior to June 30, 1939. See G. L. c. 32, § 60.

[4] Specifically, reference is made in § 57A to the right of appeal to CRAB provided in G. L. c. 32, § 16 (4) (1986 ed.).

[5] The board argues that, if this court concludes that CRAB had no jurisdiction, the effect of this holding should apply prospectively only. The board's contention is unsupported by any authority and is unpersuasive. This is a jurisdictional matter and applies to the case at bar.

provisions stood apart from the rest of the chapter, and that, "[g]enerally speaking, sections of c. 32 other than §§ 56-60 apply to the retirement of veterans only if they are expressly made applicable thereto by such other sections or by §§ 56-60." This court has recognized, as well, that the Legislature intended to afford different rights to § 58 beneficiaries than to other claimants. See *Hoban* v. *Boston Retirement Bd.*, 355 Mass. 681, 683-684 (1969) (the language of § 58, unlike that of § 57, vests only a ministerial, nondiscretionary function in the board).

Finally, we recognize that many § 58 claims have been brought in the Superior Court seeking a declaration of rights. See, e.g., *Sullivan* v. *Boston Retirement Bd.*, 359 Mass. 228 (1971); *Flanagan* v. *Lowell Hous. Auth.*, 356 Mass. 18 (1969); *Hoban* v. *Boston Retirement Bd.*, *supra; LaCouture* v. *Retirement Bd. of Quincy*, 11 Mass. App. Ct. 738 (1981); *Santucci* v. *Selectmen of Palmer*, 4 Mass. App. Ct. 785 (1976). Claims under § 58 have also been brought properly as contract actions. See, e.g., *Weiner* v. *Boston*, 342 Mass. 67, 68 (1961).

We note that CRAB itself has decided that it does not possess jurisdiction over § 58 claims.[6] While CRAB's determination is not dispositive, see *Bagley* v. *Contributory Retirement Appeal Bd.*, 397 Mass. 255, 256-258 (1986), in this instance we agree with CRAB's conclusion.

2. *Qualification under § 58.* We turn now to the merits of Glorioso's claim under § 58. The parties agree that Glorioso meets all but one of the requirements for retirement under that provision. He is a veteran within the meaning of the statute; he served the Commonwealth, or a subdivision thereof, for a total period of thirty years in the aggregate; and he was in active service at the time of retirement. *Cardellicchio, supra* at 763. *LaCouture, supra* at 741. The sole issue is whether he was employed by the town prior to June 30, 1939, as c. 32,

---

[6] In *Bianchi* v. *Retirement Bd. of Somerville, supra* at 646, we noted that CRAB "voted that it had no jurisdiction of the matter [§ 58 cases]." Although it has considered such claims since then, two months after its decision in the case at bar, CRAB ruled that neither c. 32, § 57A, nor § 16 (4), provided for jurisdiction of § 58 claims. Evangelous v. Marlborough Retirement Bd., Contributory Retirement Appeal Decision CR-6729 (June 27, 1983).

§ 60, requires. The board concedes that, if CRAB had no jurisdiction over this claim, the judge's findings are supported ·by the evidence before him. The board further concedes that, pursuant to *Cardellicchio, supra* at 764, if Glorioso performed any work for the town prior to June 30, 1939, and was compensated for such labor, Glorioso is entitled to the benefits of § 58. See *LaCouture, supra* at 738, 744 (payment for seven months' part-time service to otherwise qualified veteran satisfied statute); *Santucci* v. *Selectmen of Palmer, supra* (payment to otherwise qualified veteran for approximately 255 hours of previous service).

The judge found that the town of Wellesley employed Glorioso on at least two occasions prior to June 30, 1939. In addition, the judge found that 1939 town records showed payment of $1.88 to the same "John Glorioso," and payment to persons unknown for snow removal. The judge further found that Glorioso had done clean-up work after a 1938 hurricane.[7] Therefore, the judge was correct in concluding that *Cardellicchio, supra,* is controlling, and that this work constituted employment under the statute. The judgment for the plaintiff is to be affirmed.

3. *Damages for delay.* Glorioso seeks double costs and appellate attorneys' fees, pursuant to Mass. R. A. P. 25, as amended, 378 Mass. 925 (1979), and G. L. c. 211A, § 15 (1986 ed.). Damages for delay are authorized against parties pursuing frivolous appellate claims. Such an award is within the sound discretion of the appellate court. See *Lewis* v. *Marsh,* 21 Mass. App. Ct. 987, 989 (1986); *Allen* v. *Batchelder,* 17 Mass. App. Ct. 453, 458-460 (1984). As noted above, much of the board's arguments are without merit. It is also true, however, that CRAB had a mixed history of entertaining § 58 claims, and that the matter of its jurisdiction had not been determined definitively. Additionally, when the first complaint

---

[7] The judge found that the Federal government had paid for Glorioso's clean-up efforts under a work program. Apparently, a Federal employee supervised the work initially, but the clean-up effort soon came under the town's auspices. Therefore, the judge found that this work constituted "employment" under c. 32, § 60. See *LaCouture, supra* at 743-744.

was brought, another judge in the Superior Court apparently agreed with the board as to CRAB's jurisdiction and dismissed that complaint for failure of the plaintiff to exhaust his administrative remedies. In these circumstances, we conclude that it would be inappropriate to deem the board's position frivolous. We decline to award additional damages and costs in this instance.

*Judgment affirmed.*